WILLIAM ROBERTSON, DANIEL RYAN AND NAPOLEON ROB-
ERTS v. THE FIRST NATIONAL BANK OF PORT HURON.

*Discharge of liability on note.*

A bank sued R & R on a note given by them in renewal of other
notes made to them by K & A, and discounted by the bank.
The defense was that the note had been extinguished by a pay-
ment made by A to the cashier. A had bought out his part-
ner's interest and given the cashier security for the firm's
indebtedness to the bank including these notes, on the under-
standing that the cashier would indorse his paper to a certain
amount, and that the indorsed paper was to be received in pay-
ment of the partnership paper as it matured. Having made this
arrangement, he asked the cashier what was due, and gave him
his note for the amount. This was just after the notes to R &
R matured, but they were not included in the statement nor
specifically mentioned. The defense claimed however that the
notes were extinguished by this payment and that the re-
newal note was given without consideration. *Held* that as
the security given to the cashier was not given to secure any
specific notes and did not secure all notes held by the bank,
and as this was a separate arrangement between A and the
cashier, and neither R & R nor K were parties to it, no one
could be discharged until by the concurrent action of A and the
bank the notes indorsed by the cashier were substituted for
those of K & A to the same amount.

Error to St. Clair. Submitted June 20. Decided July 2.

ASSUMPSIT. Defendants bring error.

*Wm. F. Atkinson* and *Atkinson & Atkinson* for plain-
tiffs in error.

*Elliott G. Stevenson* and *O'Brien J. Atkinson* for
defendant in error.

CAMPBELL, C. J. Robertson and Ryan as makers,
and Roberts as endorser, were sued in the circuit court
for the County of St. Clair, and judgment was rendered
against them upon a note for $1,845, dated September
21, 1877, at 90 days, with ten per cent interest after

maturity, payable at the bank of defendant in error. This note was given in renewal of a former one, which in turn was given to take up two notes held by the bank and discounted for Robertson and Ryan, made to their order by the firm of Knill and Ames, and due, one for $781, October 9, 1876, and one for $974, October 12, 1876.    These two notes when taken up were given to Robertson and Ryan who afterwards sued Knill & Ames and recovered judgment, on which execution was levied but no sale had at the time of the trial below.

The defense set up was that these two notes had been paid and extinguished before Robertson and Ryan took them up, and that the renewals were made without consideration.

This defense was rested on certain transactions between Knill & Ames and the bank, of the following tenor.    The record contains no copies of any agreements, but refers to their substance.    Prior to October 16, 1876, Knill had made a conveyance of his undivided half interest in certain partnership real estate connected with a hotel, and a chattel mortgage for $10,000 of certain hotel personalty, to William F. Atkinson, to secure his indebtedness to the bank, to Robertson & Ryan, and other persons not named.    Robertson & Ryan had a personal claim for $1,500 against Knill.    Knill & Ames, hotel proprietors, owed the bank at this time about $22,000.

Ames bought out Knill's interest in the partnership business and property for $31,500, which was to be paid as follows:    First, all the partnership debts were to be paid, and then all Knill's personal debts, as far as the amount named would go.

Ames then made an arrangement with the bank whereby he was to give security on all the hotel property to the cashier Mr. Barnum, subject to the continuance of the $10,000 chattel mortgage, and Mr. Atkinson accordingly conveyed the interest in lands which had been transferred to him by Knill, and Ames mortgaged the land to Barnum for $15,000.

Barnum was thereupon to endorse paper for Ames to the amount of $15,000, and this paper thus endorsed was to be received in payment of the partnership paper as it matured, and Knill's name was to be taken off.

At this time Ames asked Barnum to figure up what was due, and gave his note for $7,300 for the amount stated to him. This figuring did not include the Robertson and Ryan notes, which had just matured, and did include some paper which matured a day or two later. The notes included were afterwards given up to Ames. Mr. Ames testified that he supposed the $7,300 note was given for paper that had matured. The Robertson and Ryan notes are not shown to have been mentioned by name at all.

The court below held these notes were not extinguished. This is the only question in the case.

We think there was no error in this ruling. The security given to Mr. Barnum was not given to cover any specific notes, and did not secure the full amount of notes held by the bank. It was a separate arrangement between Ames and Barnum, to which neither Knill nor Robertson and Ryan were parties. No one could be discharged until by the concurrent action of Ames and the bank, the notes endorsed by Barnum were substituted for Knill and Ames' notes to the same amount.

As a matter of fact the bank received no such paper in lieu of the Robertson and Ryan endorsed paper, and only obtained it for other paper. Robertson and Ryan could not compel Ames and the bank, or either of them, to include their note in the settlement. As it was not included in fact, there was no extinguishment.

The judgment below was correct and must be affirmed with costs. We have not referred to the other questions in the case, which perhaps might have been important by way of estoppel, if the main question had been determined otherwise. Upon this we need express no opinion.

The other Justices concurred.