Philo Parsons v. George S. Frost and Chas. W. Noble.

*Consideration for admission of liability.*

1. One who indorsed the note of his partner and brother-in-law, and afterwards, on condition that this note should be cancelled, indorsed another, and when the last note was about to outlaw joined the maker in admitting liability thereon and promising payment in order to save a suit, could not claim that such admission and promise were without consideration.

2. Where a verdict is directed, the party maintaining it in the appellate court can rely only on the undisputed testimony.

Error to Wayne. (Speed, J.) October 9.—November 19.

Assumpsit. Defendants bring error. Affirmed.

*DeForest Paine* for appellants. One who puts his name upon a note upon a transaction distinct from the original formation of it is not liable unless upon some new consideration : *Freeman v. Ellison* 37 Mich. 459 ; *Tenney v. Prince* 7 Pick. 243 ; *Jackson's adm'r v. Jackson* 7 Ala. 791 ; *Perrin v. Broadwell* 3 Dana 597 ; *Collier v. Mahan* 21 Ind. 110 ; *Bingham v. Kimball* 17 Ind. 396 ; *Farnsworth v. Clark* 44 Barb. 601 ; *Ware v. Adams* 24 Me. 177 ; *Mecorney v. Stanley* 8 Cush. 85 ; *Pratt v. Hedden* 121 Mass. 116 ; *Sawyer v. Fernald* 59 Me. 500 ; Brandt on Prin. and Surety § 9 ; *Ellis v. Clark* 110 Mass. 389 ; 1 Dan. Neg. Inst. § 679 ; *Stagg v. Linnenfelser* 59 Mo. 336 ; *Clopton's ex'r v. Hall* 51 Miss. 482 ; *Hayden v. Weldon* 14 Vroom. 128 ; 1 Pars. Cont. 468 ; *Croft v. Beale* 11 C. B. 172 ; *Small v. Smith* 1 Den. 583 ; *Tinker v. McCauley* 3 Mich. 188 ; *Nelson v. Serle* 4 M. & W. 795 ; if the instrument is given merely as collateral security for an existing debt, the right of action on the original debt being plainly and in all respects unaltered, it is not given for a valuable consideration : 1 Am. Lead. Cas. (5th ed.) 422 ; *Roxborough v. Messick* 6 Ohio St. 448 ; *Thompson v. Poston* 1 Duv. (Ky.) 389 ; *Trustees of Iowa College v. Hill* 12 Ia. 462 ; *Ryan v. Chew* 13 Ia. 589 ; *Buddick v. Lloyd* 15 Ia. 441 ; *Goodman v. Simonds* 19 Mo. 106 ; *Lee's adm'r v. Smead* 1 Metc. (Ky.) 628 ; *Van Wyck v. Norvell* 2 Humph. 192 ; *Bertrand v. Barkman* 13 Ark. 150 ; *Nutter v. Stover* 48 Me. 163 ; *Kirkpatrick v. Muirhead* 16 Penn. St.

117; *Vatterlien v. Howell* 5 Sneed 441; *Prentice v. Zane* 2 Grat. 262; *Jenkins v. Schaub* 14 Wis. 1; *Bowman v. Van Kuren* 29 Wis. 209; *Curtis v. Mohr* 18 Wis. 615; *Jenness v. Bean* 10 N. H. 266; *Williams v. Little* 11 N. H. 66; *Fletcher v. Chase* 16 N. H. 38; *Rice v. Raitt* 17 N. H. 116; *Stalker v. M'Donald* 6 Hill 93; *Fenouille v. Hamilton* 35 Ala. 319; *Bone v. Tharp* 63 Ia. 223; contra, *Swift v. Tyson* 16 Pet. 1; *Gibson v. Conner* 3 Ga. 47; *Payne v. Bensley* 8 Cal. 260; *Robinson v. Smith* 14 Cal. 94; *Naglee v. Lyman* 14 Cal. 451; *Manning v. McClure* 36 Ill. 490; *Bank Republic v. Carrington* 5 R. I. 515; *Bank v. Chambers* 11 Rich. (S. C.) 657; *Atkinson v. Brooks* 26 Vt. 569; an agreement to delay the collection of a debt will not be implied from the receipt by the creditor of a note not yet due as collateral security therefor: *Austin v. Curtis* 31 Vt. 64; *Gahn v. Niemcewicz* 11 Wend. 312; *Burke v. Moore and Cruger* 8 Tex. 66; *Wade v. Stanton* 6 Miss. 631; *Cary v. White* 52 N. Y. 138; *United States v. Hodge* 6 How. 279; *Pring v. Clarkson* 1 B. & C. 14; *Weakly v. Bell* 9 Watts. 273, 282; *Bedford v. Deakin* 2 Stark. 178; 1 Smith's Lead. Cas. H. & W. notes (7th Am. ed.) 452; *Taylor v. Allen* 36 Barb. 295; *Fisher v. Sharpe* 5 Daly 214; *Twopenny v. Young* 3 B. & C. 208; *Emes v. Widdowson* 4 C. & P. 151; *Day v. Leal* 14 Johns. 404; *Elwood v. Deifendorf* 5 Barb. 398; *Sigourney v. Wetherell* 6 Met. 553; *Norton v. Eastman* 4 Greenl. 521; Story Prom. Notes §§ 416, 485; unless the collateral has been negotiated by plaintiff: *Kemmil v. Wilson* 4 Wash. C. C. 308; if there were no original liability upon the note none was created by the subsequent promise to pay it: *Commonwealth Ins. Co. v. Whitney* 1 Met. 21; *Nutter v. Stover* 48 Me. 163; see *Rood v. Jones* 1 Doug. (Mich.) 192.

*Moore & Canfield* for appellee. The original indebtedness of the maker of a note is sufficient consideration for an indorsement of a renewal note after the latter was executed, if it was understood when it was made that the indorser should be asked to indorse: *Moies v. Bird* 11 Mass. 436; *Hawkes v. Phillips* 7 Gray 284; *Lovering v. Fogg* 18 Pick. 540; *Leonard v. Wildes* 36 Me. 265; 2 Pars. N. & B. 125, 126; *McNaught v. McClaughry* 42 N. Y. 22; Brandt on Suretyship § 7; *Williams v. Perkins* 21 Ark. 18; forbearance to sue is sufficient consideration for an indorsement obtained to prevent a suit: DeGolyer on Guarantees 29; *Oldershaw v. King* 2 H. & N. 520; *Breed v. Hillhouse* 7 Conn. 523; *Walker v. Sherman* 11 Metc. 170; *Johnson v. Wilmarth* 13 Metc. 416.

SHERWOOD, J.   This is an action of assumpsit, brought by the holder and owner of a promissory note against the maker and indorser.   The declaration is special against the indorser, and also contains the common counts.   Defendant Noble alone appears and defends.   Under the general issue he gave notice that he would show on the trial that the note was given to secure the antecedent debt of Frost alone, and upon no other consideration ; that he had not indorsed the note when it was given by Frost to the plaintiff, nor had he been requested to, and had no knowledge of the making or delivery of the note ; that some time after the same had been delivered to the plaintiff, at his request, he, defendant, indorsed the note without consideration from any one, and that the note and indorsement were without consideration other than the pre-existing indebtedness of Frost to plaintiff ; that there was no agreement with either of the parties that he, Noble, would indorse the note ; and that his admission of liability on the note, contained in the indorsement by him and Frost, was obtained at the request of the plaintiff and without any consideration to defendant Noble.

The cause was tried at the Wayne circuit before a jury, and a verdict for plaintiff directed by the circuit judge.

The note and indorsements are as follows :

"$2000.                    DETROIT, MICH., June 15, 1870.
Sixty days after date, I promise to pay to the order of Charles W. Noble two thousand dollars, at the First National Bank of Detroit.

Value received, with interest at the rate of ten per cent.

GEO. S. FROST.

(Indorsed) CHARLES W. NOBLE."

Also indorsed on the back of the note is the following :

" For value received, we admit our liability upon the within note, and hereby promise to pay the amount due thereon, principal and interest, on demand, less any payment which should be applied thereon.

GEO. S. FROST.
CHARLES W. NOBLE.

*Dated August* 11, 1876."

It appears from the testimony undisputed that the defendants are brothers-in-law, and were partners in business when the note and indorsement and undertaking therein appearing were made; that on that day the plaintiff held the defendant Frost's note, indorsed by the defendant Noble, due one day after date, and that said note was taken up, and the note sued on was given in its stead. The defendant Noble further says that he would not have indorsed the second note unless the plaintiff had canceled the other; that he and Frost signed their indorsement of liability and the undertaking therein contained at the request of plaintiff's agent, to prevent the Statute of Limitations running against the note. This is the defendants' testimony, and if it shows a consideration for Noble's indorsement, then the verdict must stand; if not, the case should have been submitted to the jury.

When the plaintiff had introduced the note and indorsements in evidence, a prima facie case was made for recovery.

Did the evidence subsequently offered by the defendant defeat the plaintiff's prima facie case? We think it did not. The note was within a few days of being outlawed when the indorsements asked for by plaintiff's agent were made. The plaintiff himself had previously complained to Noble of Frost's neglect to pay, and the agent stood in the presence of Noble asking him to do that which was necessary to prevent suit. He proposed to defer payment or suit till plaintiff might return from Europe. The defendant then gave his indorsement, and it would be doing violence to reasonable intendment to say that he did not do so upon the conditions and terms proposed, and the forbearance must be held a sufficient consideration for the indorsement.

There are other grounds upon which, perhaps, the liability of Noble might be safely rested, had the case gone to the jury, but we are not at liberty to consider them upon this record. The plaintiff can only rely upon the undisputed testimony. There seems to be no question but that Frost desired that Noble should sign the indorsement, and in making it Noble not only expressly admitted his liability but

promised to pay the note. He cannot now be heard to say he never made such promise.

The judgment must be affirmed.

The other Justices concurred.