## John Bowen, Sen'r vs. Shadrack W. Tipton.

*Contract—Consideration—Forbearance to Sue—Evidence.*

In an action by A. against B. on a promise by the latter to pay the debt of C. in consideration of A.'s forbearance to sue C., it is necessary to prove a subsisting *bona fide* claim against C. which the plaintiff was about to sue for, in order to lay a foundation for the defendant's promise. And evidence of an admission by C. that he owed the plaintiff the amount claimed, or something in that neighborhood, is proper to go to the jury by way of establishing such claim.

A. having a *bona fide* claim against C. placed it in the hands of an attorney for collection, who exhibited it both to C. and to B., his father, and informed them of the consequences of the suit which he was instructed to institute. After this information, B. obtained a bill of sale from his son of all his property, and upon being told

by A. that "he was going to send the sheriff up that day; that he was not going to stop for that bill of sale, it was all a fraud," he replied, "you keep quiet and you will have your money, I guess I am worth it." A. relying on the promise of B. left him, and called immediately at his attorney's and stopped further proceedings. HELD:

That the forbearance to sue constituted a sufficient consideration for the promise by B., and A. was entitled to recover in an action against B.

APPEAL from the Circuit Court for Baltimore County.

This suit was instituted by the appellee against the appellant. The declaration contained the two following counts:

1st. For that one John Bowen, Jr., on the first day of January, eighteen hundred and eighty-four, owed the plaintiff the sum of nine hundred dollars, and the plaintiff was about to sue him to recover the same; and in consideration that the plaintiff would forbear to sue the said John Bowen, Jr., the defendant agreed to pay the same to the plaintiff, and the plaintiff did forbear to sue the said John Bowen, Jr.; and the defendant hath not paid the said sum of nine hundred dollars, or any part thereof.

2nd. And for that, whereas, before the making of the promise and undertaking of the said defendant, hereinafter next mentioned, a certain action of attachment was about to be commenced, and prosecuted by and at the suit of the said plaintiff, against one John Bowen, Jr., in the Circuit Court for Baltimore County, for the recovery of a certain sum of money, to wit, the sum of nine hundred dollars, then and at the time of the making of the promise and undertaking of the said defendant, hereinafter next mentioned, was due and owing from the said John Bowen, Jr., to the plaintiff, for goods bargained and sold by the plaintiff to the said John Bowen, Jr.; and for that, on the 4th day of April, 1883, the said John Bowen, Jr., by his promissory note, promised to pay to the plaintiff the sum

of six hundred dollars, with interest thereon eight months from the date thereof, but did not pay the same, or any part thereof; and which said intended action, at the time of the making of the said promise and undertaking of the said defendant, hereinafter next mentioned, was about to be instituted in said Court, to wit, at Baltimore County, aforesaid, whereof the said defendant then and there had notice ; and thereupon, heretofore, to wit, on the eighteenth day of January, in the year eighteen hundred and eighty-four, at Baltimore County aforesaid, in consideration of the premises, and that the said plaintiff at the special instance and request of the said defendant would not institute said suit in said Court, and would not prosecute said claim at law against the said John Bowen, Jr., and would stay all proceedings then as aforesaid, intended to be instituted for the purpose aforesaid, he, the said defendant, undertook and then and there faithfully promised the said plaintiff to pay to him (the plaintiff) the said sum of money within a reasonable time from the date last mentioned; and the said plaintiff avers, that he, confiding in the said promise and undertaking of the said defendant, did then and there abandon said action, and did not institute the said suit in Court, and did not prosecute said claim at law against the said John Bowen, Jr., but then and there stayed all proceedings then as aforesaid about to be instituted in said Court against the said John Bowen, Jr., for the recovery of said money ; and that although a reasonable time, to wit, more than three months from the time of the making the said promise and undertaking of the said defendant, hath long since elapsed, yet the said defendant, not regarding the said promise and undertaking, but contriving and intending to deceive and defraud the said plaintiff in this respect, hath not as yet paid the said claim, or any part thereof, although he, the said defendant, afterward and after the expiration of a reasonable time, to wit, on the fifteenth day of April,

eighteen hundred and eighty-four, at Baltimore County aforesaid, was requested by the said plaintiff so to do, but he so to do hath hitherto wholly neglected and refused, and still doth neglect and refuse.

The defendant demurred to the declaration; the demurrer was overruled by the Court; and then a demurrer was filed to the second count, which was also overruled.

*First Exception.*—At the trial the plaintiff testified as follows:

I have known John Bowen, Jr., ever since a boy; he has farmed Snow Hill for six years; on the 1st of January, 1884, John Bowen, Jr., owed me; he told me when he went to Snow Hill farm that he had not a cent in the world; he came to me crying and wanted to buy on credit, and I agreed to credit him by the week or two weeks; he owed me before he petitioned; he dealt with me for his family and for those working on the place; I settled with him on the 4th of April, 1883, and took his note for $600, payable eight months after date at Old Town Bank in Baltimore; it has not been paid (note produced and read in evidence to jury;) besides this, he owed me in January, 1884, about $300, or upwards; I don't exactly recollect the amount, and he admitted that he owed it. The defendant objected to the admissions of. John Bowen, Jr., of his indebtedness to plaintiff being offered in evidence to the jury; but the Court overruled the objection and admitted the evidence. The defendant excepted.

*Second Exception.*—The plaintiff continuing his testimony, testified as follows:

The first week in January, 1884, John Bowen, Jr., owed me in the neighborhood of $300, exclusive of the note; I can't say the amount exactly; he admitted to all that he owed me and promised to pay me, and the note and all was in the neighborhood of $900; can't say the exact amount; the second week in January, 1884, I brought the claim here and gave it to Mr. John T. Ensor to collect;

I brought two securities and executed a bond. Defendant objected to this evidence being permitted to go to the jury unless the bond referred to was produced or was proved to have been lost or mislaid ; but the Court overruled the objection and admitted the evidence. The defendant excepted.

*Third Exception.*—The plaintiff offered the following prayer :

If the jury shall find that John Bowen, Jr., was indebted to the plaintiff in January, 1884, and being so indebted, gave to the defendant the bill of sale read in evidence, and that the plaintiff a short time thereafter determined to attach the property so bill-of-saled to enforce the payment of his claim against the younger Bowen, and informed the defendant that he did not care for the bill of sale, as it was a fraud anyhow, and he intended to send the sheriff up and seize said property, and that the plaintiff was in fact about to take legal proceedings by attachment against said property for the collection of his claim, and the defendant then and thereupon agreed to pay the plaintiff's said claim if he would keep quiet and do nothing against said property, and that the plaintiff relying upon such assurance and agreement, did forbear to prosecute his said attachment, and abandoned the same, then there was a sufficient consideration to support the agreement to pay made by the defendant (if the jury shall find there was such agreement,) and the plaintiff is entitled to to recover in this action. And in determining whether the defendant did agree to pay the plaintiff's claim, the jury may construe the language they may find the defendant to have used, in its ordinary and popular sense, and to give to it such construction as would effectuate the intention of the defendant when using it.

And the defendant offered the five prayers following:

1. That there is no evidence legally sufficient to warrant the jury in finding any such contract, promise, agree-

ment or undertaking on the part of the defendant, as testified to by the witnesses in this cause, as will entitle the plaintiff to recover in this action the amount or amounts set out in the plaintiff's *narr.*, or any amount on account of any undertaking or agreement of the defendant in case of any forbearance on the part of the plaintiff to get out an attachment against John Bowen, Jr., even if the jury find that the plaintiff did forbear to get out an attachment against said John Bowen, Jr., and that their verdict must be for the defendant.

2. That neither the evidence given by the plaintiff, Tipton, and the witness, Stewart, and no other evidence offered in this cause, or all of it, shows or discloses any such promise, undertaking, contract or agreement on the part of the defendant to pay the debt of John Bowen, Jr., to the plaintiff, in case of any forbearance on the part of the plaintiff to sue or get out a writ of attachment against the said John Bowen, Jr., as would warrant the jury in finding a verdict for the plaintiff in this cause, and therefore, their verdict must be for the defendant.

3. That if the jury believe all the testimony of the plaintiff as to the conversation which took place between the plaintiff and the defendant on the avenue in Towsontown, and near Mr. Robinson's and Mr. Linzey's restaurants, and all of the evidence of the witness, Stewart, as to the conversation between him and the defendant, as testified to by said witness, Stewart, and that the plaintiff did not get out the writ of attachment, or take any legal steps to collect his debts against John Bowen, Jr., yet their verdict must be for the defendant, because there is no proof or evidence in this cause to show that plaintiff did agree with or promise the defendant at that time, or in that conversation on the avenue in Towsontown, to forbear to sue the said John Bowen, Jr., or not to get out a writ of attachment against him.

4. That there is no evidence in this cause to show that there was any contract or agreement between the plaintiff

and the defendant, that the plaintiff would forbear to bring suit against John Bowen, Jr., or would forbear to get out a writ of attachment against John Bowen, Jr., for a certain or definite time, or that he, plaintiff, would forbear to sue John Bowen, Jr., or would forbear to get out a writ of attachment against John Bowen for a reasonable time, or that the plaintiff would forbear altogether to sue John Bowen, Jr., or forbear to get out a writ of attachment altogether, and therefore their verdict must be for the defendant.

5. That the jury in making up their verdict in this case, are not to take into their consideration the testimony of William Stewart, as evidence tending to prove any contract on the part of the defendant to pay the debt of John Bowen, Jr., and for that purpose it is insufficient in law.

The defendant excepted specially to the plaintiff's prayer:

1st. Because it misstated the evidence.

2nd. Because it decided facts.

3d. Because the instruction contained in the prayer was not warranted by either count of the plaintiff's declaration.

4th. Because said prayer submitted to the jury questions to be passed upon by them, that are not raised by the pleadings in this case.

The Court (FOWLER, J.) granted the plaintiff's prayer, and rejected the prayers of the defendant. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, RITCHIE, and BRYAN, J.

*Wm. S. Keech,* and *R. R. Boarman* for the appellant.

An action to recover against a party on the ground of forbearance to sue another at the request of the party sued by the creditor, can only be maintained by the creditor in one of the three following cases:

1st. Where there is a contract between the creditor and the party sued, that the creditor will forbear to sue the party owing him for a certain definite period of time. This time may be a longer or shorter period of time, but it must be for a certain definite period of time. " A little time " is no time at all, because there is no certainty about it, and the creditor may sue the next hour or the next minute. *Creath's Adm'r vs. Sims*, 5 *Howard*, 192; *Norris vs. Crummey*, 2 *Rand.*, 328; *Alcock vs. Hill*, 4 *Leigh*, 622; *Parnell vs. Price*, 3 *Richardson*, 121; *Bank of Utica vs. Ives*, 17 *Wend.*, 501; *Miller vs. Stem*, 2 *Barr*, 286; *Stalker vs. McDonald*, 6 *Hill*, 93, 114; *Draper vs. Romeyn*, 18 *Barbour*, 166; *Perkins vs. Proud*, 62 *Barb.*, 420; *President of the Board of Police of Clarke County vs. Covington, et al.*, 26 *Miss.*, 473; *Blackistone Bank vs. Hill*, 10 *Pick.*, 133; *Philpot vs. Briant*, 4 *Bing.*, 717; *Pierce vs. Goldsberry*, 31 *Indiana*, 52; *Place vs. McIlvain*, 38 *N. Y.*, 96; *Fisher vs. Richardson, Cro. Jac.*, 47; *Morton vs. Burn and Vaux*, 7 *Ad. & Ell.*, 19; *Atlantic National Bank vs. Franklin*, 55 *N. Y.*, 235.

Or 2nd. There must be a *contract* between the creditor and the party sued, that the creditor will forbear to sue the original debtor for a reasonable time. This must be alleged in the *narr.* and it must be proved as set out therein, and then the jury will, under the proper instructions from the Court, pass upon the question as to whether the period for which the creditor has forborne to sue the original debtor is a reasonable time or not. *Johnson vs. Whichcott*, 1 *Roll. Abr.*, 24 *Pl.* 33; *King vs. Upton*, 4 *Greenleaf*, 387; *Barnhurst vs. Cabbott, Hard.*, 5.

Or 3d. There must be a *contract* between the creditor and the party making the promise, that the creditor will forbear entirely to sue the original debtor. *Maples vs. Sidney, Cro. Jac.*, 683; *Fisher vs. Richardson, Cro. Jac.*, 47; *Johnson vs. Whichcott*, 1 *Roll. Abr.*, 24 *Pl.* 33.

In order that forbearance may be a consideration, there must be a request of forbearance, and mere forbearance

without any agreement to that effect, is not a sufficient consideration. *McCorney vs. Stanley*, 8 *Cushing*, 85; *Manter vs. Churchill*, 127 *Mass.*, 1, and this, although the act of forbearance was induced by the promise. *Manter vs. Churchill, supra.*

Forbearance for a little time, or sometime, is not sufficient. 1 *Roll. Abr.*, 23 *Pl.*, 25 and 26; *Atlantic National Bank of N. Y. vs. Franklin*, 55 *N. Y. Rep.*, 235; 4 *Bingham*, 717; *Comyn Digest, title, Action upon the Case, Assumpsit, B.* 1; *Lutwich vs. Hussey, Cro. Eliz.* 19; *Oldershaw vs. King*, 2 *H. & N.*, 517.

The prayer of the plaintiff below should have been rejected, and the first four prayers of the defendant should have been granted. The agreement or contract must be binding on both parties, or it binds neither. *Davey vs. Prendergrass,* 5 *B. & Ald.* 187; *Bulteel vs. Jerrold,* 8 *Price,* 467; *Peake's Report,* 227, 1 *B. & A.,* 681; 1 *Comyn on Contracts, page* 2; *McCorney vs. Stanley,* 8 *Cush.,* 85; *Manter vs. Churchill,* 127 *Mass.,* 31; *Chitty on Contracts, page* 2; *Cooke vs. Oxley,* 3 *Term Reports,* 653; *McCulloch vs. The Eagle Ins. Co.,* 1 *Pick.,* 278.

*John I. Yellott,* for the appellee.

The demurrer being to the whole declaration, if there was one good count, it was properly overruled. It is not necessary to allege that the promise was in writing, that fact is matter of proof entirely; and if the evidence shows the promise to have been an original and not a collateral undertaking, there is no necessity to show in the proof that the promise was in writing. *Elder vs. Warfield,* 7 *H. & J.,* 391. (See notes to this case in *Vol.* 11-12 *Brantly's Ed., p.* 284.)

Under either count in the declaration it was necessary for the plaintiff to establish the amount of his claim against John Bowen, Jr., by competent evidence, and his admissions of the amount of such indebtedness were clearly admissible for the purpose of establishing it.

Whilst a witness cannot give the contents of a written paper as a rule, it is always competent for him to show the simple fact that a paper had existed.   It was not attempted to show the character or contents of the bond spoken of in the second bill of exception, but the witness stated the fact simply that he had " brought two witnesses and executed a bond."

A collateral undertaking to answer for another, must be in writing, under the Statute of Frauds; but where there is a superadded consideration for the promise, distinct from the original liability, such promise need not be in writing, as it is an original undertaking, and not within the statute.   Whenever the creditor parts with his remedy against the first debtor, under the new promise of the third party, and is obliged to rely on that for the collection of his claim, the undertaking is an original one.   Wherever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, the promise is not within the statute, although in the form to pay the debt of another.   *Elder vs. Warfield,* 7 *H. & J.,* 391; *Small vs. Schaefer,* 24 *Md.,* 143 ; *White, et al. vs. Solomonsky, et al.,* 30 *Md.,* 585.

The debtor, John Bowen, Jr., made himself insolvent when he gave to his father, the defendant, all his property by the bill of sale.   The plaintiff's only remedy for the collection of the debt was by the contemplated attachment proceeding, in which the defendant's title to the property in the bill of sale would have been assailed on the ground of fraud and collusion.   He was, therefore, interested personally in having Tipton abandon the same.   The consideration for the promise was two-fold : first, the surrender of a right on the part of a creditor ; and second, a benefit to the promisor, either of which was sufficient to support the new promise.   *Emerick vs. Coakley, et al.,* 35 *Md.,* 188; *Lawrence vs. McCalmont,* 2 *Howard, (U. S.,)* 426.

It is the province of the Court to construe all written contracts, but that of the jury to determine the nature of an oral agreement, and to find the intention of the parties. 1 *Chitty on Contracts,* 103, (11*th Am. Ed.;) Guptill vs. Damon,* 42 *Maine,* 271 ; *Globe Works vs. Wright,* 106 *Mass.,* 316.

The plaintiff's prayer went farther and was more favorable to the defendant than was necessary, in that the jury was required to give such construction to the language found to have been used by the *defendant,* as would effectuate his intention when using the same. The principles governing the construction of contracts are the same, whether written or verbal, and one of the cardinal rules is to discover and give effect to the intention of the parties. Where the terms of the promise admit of more senses than one, it is to be construed in that which the promisor intended when received by the promisee. 1 *Chitty on Contracts,* 104, *etc.,* 11*th Ed.*

It was not necessary that the plaintiff should have formally relinquished his claim against the debtor. The abandonment of the attachment proceeding then began, and a relinquishment of that remedy was a sufficient consideration. He virtually and in fact finally relinquished his claim against John Bowen, Jr., and allowed the defendant who claimed under the bill of sale to sell all his property.

Irving, J., delivered the opinion of the Court.

This suit was instituted upon an alleged promise of the appellant to the appellee to pay the appellee a certain debt of John Bowen, Jr., the appellant's son, in consideration of the appellee's forbearance of certain attachment proceedings about to be instituted by him. The first count in the declaration is in strict conformity with the form prescribed in Art. 75, section 22, sub-section 24, of the Code. The demurrer thereto, therefore, was properly overruled. The second count was somewhat more specific

as to the character of the claim of the plaintiff against the defendant, and of the suit about to be instituted, but alleged the promise of the defendant substantially as in the first count; and the abandonment of plaintiff's attachment proceedings in consequence of said promise is distinctly averred, and the failure of defendant to pay, notwithstanding such abandonment is similarly averred; so that there was no error in the overruling of the demurrer to the second count. In fact, the demurrer was not pressed by the appellant in this Court.

To sustain the plaintiff's claim against the defendant, it was necessary to prove a subsisting *bona fide* claim against John Bowen, Jr., which plaintiff was about to sue for, in order to lay a foundation for the defendant's promise to pay it in consideration of forbearance. The existence of such claim being a thing to be found by the jury as the subject of forbearance, any evidence which would establish the claim as against John Bowen, Jr., in a suit against him, must, in the nature of things, be evidence in a suit of this kind to enforce a promise of payment in consideration of a forbearance to sue on such claim. No higher grade of evidence can be required than would be necessary against the debtor. The admissions of the debtor, therefore, that he did owe the plaintiff the amount claimed, or something in that neighborhood, was certainly evidence to go to the jury by way of establishing such claim. The plaintiff testified directly to the existence of the debt and also the admission thereof by the debtor. The first exception being to the admission of this as evidence was properly overruled.

The plaintiff after testifying to the amount John Bowen, Jr., owed him, proceeded to say, that he put the claim in the hands of an attorney to collect, and that " he brought two securities and executed a bond." This evidence is the subject of the second exception. In terms the exception is to all this evidence, but we suppose it was intended to

be confined to the statement, that *the bond was executed*, without the production of the bond. The fact that two securities were brought for the purpose of giving bond in attachment, was clearly competent ; and whether the simple fact, that a bond was executed as proceeding from this witness was admissible, is rendered wholly immaterial by the evidence of another witness, to the same fact at a subsequent stage of the case, which was admitted without objection.

The instructions granted and refused form the subject of the third exception. The first four prayers of the defendant in varied form, seek to take the case from the jury on the ground that there was no legally sufficient evidence to justify a verdict for the plaintiff. The Court was clearly right in rejecting them. The proof was, that John Bowen, Jr., owed the plaintiff and the claim was placed in the hands of an attorney for collection, who exhibited the claim both to John Bowen, Jr., and John Bowen, Sr., and informed them of the consequences of the suit which he was instructed to institute. After information of this claim, from the attorney having it in hand for suit, the appellant obtained a bill of sale from his son, John Bowen, Jr., for all his property. The appellee then went to see the appellant, and told him "he was going to send the sheriff up that day; that he was not going to stop for that bill of sale; it was all a fraud." The appellant replied, " Don't you do nothing ; there is nothing done against you ; you keep quiet." Appellee said he did " not know what else it was done for on the top of this notice to John Bowen, Jr.; I am not able to lose the money," &c. Appellant replied, " I know you have been a great friend of Johnny's ; nothing is done against you ; you ought to know what it is done for; you keep quiet, and you will have your money ; I guess I am worth it." Appellee said he did not know whether he was or not, and then asked him to sign a note. Appellant declined, saying, "no I

sign no notes, but you shall have your money." Appellee then left him, and relying on that promise called immediately at his attorney's and stopped the proceedings, and did not send the sheriff up, as was to be done that very day. In addition to the testimony of the appellee, another witness, one William Stewart, testified that John Bowen, Sr., told him "his son John owed Tipton a good deal of money," and said, "I told him he should have his money, and he shall have it." He also said, if he "had let Tipton go on he would have broken John up, and he wished he had let him do so." The appellant denied these conversations, and offered evidence of a different character; but the question raised by the prayers depends entirely upon whether, assuming the plaintiff's evidence to be true, there was legally sufficient testimony to warrant a recovery by the plaintiff. We think there was, and that these prayers of the defendant were properly rejected.

Mr. Addison, in his valuable work on *Contracts, Vol.* 1, *p.* 11, (*8th Ed.,*) states the law to be as follows: "Forbearance of legal or equitable rights forms a good consideration for an undertaking, and will make it binding, and this, even though no actual benefit accrue to the party undertaking. If the plaintiff, for example, at the request of the defendant, forbears to institute legal proceedings, or discontinues legal proceedings already commenced, against a third party for the enforcement of a lawful claim or demand for any convenient or reasonable period, or suspends, or withdraws an execution, or a distress against the goods, or the person of such third party, the suspension or withdrawal of such execution or distress, or the forbearance of further proceedings, forms a sufficient consideration for a promise by the defendant, to pay money to the plaintiff, or to satisfy the full amount of his claim." It is to be noted that this statement of the law makes the actual forbearance, pursuant to request, and in reliance

on the promise to pay for it accompanying the request, the consideration perfecting the contract or agreement, so as to bind the person so requesting, to pay for the forbearance accorded. Numerous authorities exist for this statement of the law, but we content ourselves with citing a few of them: *Smith vs. Algar,* 1 *B. & Ad.,* 603; *Morton vs. Burn & Vaux,* 7 *Ad. & Ell.,* 19; *Jones vs. Ashburnham,* 4 *East,* 463, *&c.* It was "*the forbearance,*" this Court says, in *Emerick vs. Coakley,* 35 *Md.,* 190, which constituted the consideration in that case. Without forbearance, in fact, there could be no consideration for the promise. A written agreement could be so constructed as to coerce forbearance; but in parol agreements of this kind, the mutuality is effected by actually according the forbearance in pursuance of the request and the promise. This is the substance of Lord DENMAN's decision in *Morton vs. Burn & Vaux,* 7 *Ad. & Ell.,* 19. There it was objected that the contract declared on lacked mutuality, but this distinguished Judge overruled the objection, and said, unless the plaintiff did forbear, he could not sue on the defendant's promise; and all that it was necessary to aver was that he had forborne, which was the condition to make the defendant answerable on his promise. Thus it appears that it is the act of forbearance which makes the consideration, when that forbearance is induced by the request of another, and the promise to do something in return for it. A bare agreement to forbear, without forbearance in pursuance of it, would give no right of action against a party asking for it and promising to pay for it. There would be nothing to pay for. In *Chitty* and *Parsons* it is laid down, that an agreement to forbear is a good consideration, and this is consistent with all the authorities, for, of course, there must be a "*consensus,*" or there is no contract to enforce. How that "*consensus*" is reached and the contract perfected is most philosophically stated in *Anson on Contracts.*

On page 74 of that work, (2nd Ed.) the law is thus laid down: "When the consideration for a promise is an *act* or *forbearance,* the contract is said to be made upon consideration executed. This arises when either the offer or the acceptance is signified by one of the parties doing all that he is bound to do under the contract so created." Again, on page 89, this author says, "a contract arises upon executed consideration when one of the two parties has either in the *act* which amounts to a proposal, or the act which amounts to an acceptance, done all that he is bound to do under the contract, *leaving an outstanding liability on one side* only." It is "a consideration executed upon request," and completes the agreement. It is the doing what was requested to be done, upon promise of payment for doing it that makes the agreement. We think this is the generally accepted law; and it is certainly reasonable and tends to the promotion of right. The case of *Mauler vs. Churchill,* 127 *Mass.,* 31, seems to teach a different doctrine ; but it introduces a refinement tending to defeat rather than to promote right. It is in conflict with all the other cases we have found as we understand them.

The case before us clearly falls within the principles so clearly stated by Mr. Anson, and appositely illustrates the law as he states it. The appellee had a *bona fide* claim against appellant's son—a claim admitted by the son, and therefore enforceable. Having taken a bill of sale for all his son's property, he did not want his title under the bill of sale attacked by an attachment which the appellee informed him he was about to sue out, in disregard of the bill of sale, which appellee charged to be fraudulent. Thereupon the appellant requested the appellee to do nothing, assuring him he should have his money, and that he was worth it. This was done in such a way and in such language that a jury might reasonably find it to be a promise to pay. Relying on it as such, appellee desisted, abandoned his attachment, and the appellant was not dis-

turbed in the possession of the property acquired by the bill of sale, as, without the request and promise, he would have been on that very day. The appellee did all he was requested to do, " leaving the outstanding liability " only on the side of the appellant, if the jury should find the facts as the evidence warranted. It thus appears to fulfil exactly all the requirements of the law of " a consideration executed," as already stated. Testing the plaintiff's prayer by the law as we find it laid down, we think the criticisms upon it are not well founded. If the facts it enumerates are found by the jury, they are told that a sufficient consideration existed for the defendant's promise if they find from the evidence that he did promise. They are not told they must find such promise from the facts; but if they found the facts stated, they were at liberty to find a sufficient consideration for the promise, or agreement, and if they found an agreement, then the plaintiff was entitled to recover. The whole question was left to the jury, even to the construction of the language used, and whether that amounted to a promise, and was intended as such. Being a contract wholly in parol this was their province. 1 *Chitty on Contracts*, 103 and 104. The objection that nothing was said in the prayer about forbearing a reasonable time, was unsubstantial, because the fact they were told to find was entire *abandonment* of the attachment. The greater certainly includes the less. If the declaration alleged a reasonable time as that which was to be accorded, *entire abandonment* of the writ was, at least, equal to reasonable delay. We can find no ground of reversal in the granting of this instruction.

The fifth prayer of the defendant was properly rejected. By it the jury were to be instructed in making up their verdict not to regard or " take into their consideration the testimony of William Stewart, as evidence tending to prove any contract on the part of the defendant to pay the debt of John Bowen, Jr., and for that purpose it was

wholly insufficient in law." This prayer was grossly calculated to mislead the jury. If it did not contain all that was necessary, standing alone, to make an effective contract between the parties, it certainly did tend to prove that the defendant had promised to pay the plaintiff his claim, and by it had secured a stoppage of proceedings, which would have broken the son up. The evidence of the witness, Stewart, has heretofore been stated, and we will not repeat it. The jury would have understood the prayer as excluding that evidence altogether, and in fact it was erroneous in saying that Stewart's testimony did not tend to prove a contract. It certainly tended to sustain the plaintiff's statement on oath; and therefore tended to sustain a contract, and even standing alone it indicated that he had stopped the plaintiff from proceeding against the son and breaking him up by promising to pay him, though it may not have been altogether sufficient by itself to fully establish the contract. But this we are not called on to decide. It was certainly corroborative, and the prayer was misleading.

*Judgment affirmed.*

(Decided 20th November, 1885.)