SAMUEL R. FULLER *vs.* JOSEPH R. LUMBERT.

Penobscot.    Opinion June 25, 1886.

*Husband and wife.    Promissory notes.    Consideration.*

An express promise by a husband to his wife, to pay her money to help support her and their child, does not change their relative rights and obligations, and hence is not supported by a legal consideration.

A promissory note given for the same purpose, to the wife, or to a third party for her benefit, falls within the principle above stated, and is without legal consideration.

ON REPORT.

Assumpsit on a promissory note. The facts are stated in the opinion.

*Davis and Bailey*, for the plaintiff.

This action is properly brought in the name of Fuller. *Sherwood* v. *Roys*, 14 Pick. 172. Uncancelled endorsement no objection. *Thornton* v. *Moody*, 11 Maine, 253.

Not necessary that plaintiff should have any beneficial interest in the note. *Demuth* v. *Cutler*, 50 Maine, 298; *Whitcomb* v. *Smart*, 38 Maine, 264; *Nat. Pemberton Bank* v. *Porter*, 125 Mass. 335.

Consent pending proceedings that the case may go on in his name, is a ratification by plaintiff of the previous proceedings.

*Lewis* v. *Hodgdon*, 17 Maine, 267; *Craig* v. *Twomey*, 14 Gray, 486; *Golder* v. *Foss*, 43 Maine, 364.

It is not necessary that the consideration should be adequate, "the smallest spark of consideration is sufficient." *Sanborn* v. *French*, 22 N. H. 248; and a total want of consideration is necessary to make them void. *Darron* v. *Walker*, 48 Superior Court, (N. Y.) 6. Being for future support, the consideration is executory and supports the promise. *Loomis* v. *Newhall*, 15 Pick. 159.

A husband may contract with his wife, living apart from him, to support herself, for a stipulated sum, and the terms of such a contract are binding on both. *Alley* v. *Winn*, 134 Mass. 77, and cases cited, and *a fortiori* for the support of the child. See also *Page* v. *Trufant*, 2 Mass. 158.

It is as much a legal obligation as a loan of money to him, for which latter he might have given his promissory note, and for which after divorce she could sue him and recover the amount. *Webster* v. *Webster*, 58 Maine, 139; *Carlton* v. *Carlton*, 72 Maine, 115.

Another feature of this case is, that these notes were given pending a divorce suit on the libel of the wife. A note given for the benefit of the child under these circumstances, puts the case on all fours with that of *Stilson* v. *Stilson*, 46 Conn. 15.

Upon this phase of the case, it is not unlike *Adams* v. *Adams*, 24 Hun. 401, affirmed in 91 N. Y. 381.

Upon the point whether the note given by a husband to a trustee for the benefit of the wife is upheld by the law, see *Phillips* v. *Meyers*, 82 Ill. 67; S. C. 25 Am. Rep. 295; see *Amherst Academy* v. *Cowls*, 6 Pick. 427.

The existence of the notes and an obligation for which they might have been given is sufficient for that purpose. *Dean* v. *Carruth*, 108 Mass. 242.

*Wilson and Woodward*, for the defendant.

Defendant is not prejudiced because suit is in name of a trustee. *Demuth* v. *Cutler*, 50 Maine, 298.

Courts carefully scrutinize contracts between husband and

wifc. *Blake* v. *Blake*, 64 Maine, 177 ; *Robinson* v. *Clark*, 76 Maine, 493 ; *Lane* v. *Lane*, 76 Maine, 521.

The following cases were unlike the case at bar : *Loomis* v. *Newhall*, 15 Pick. 159 ; *Alley* v. *Winn*, 134 Mass. 77 ; *Webster* v. *Webster*, 58 Maine, 139 ; *Carlton* v. *Carlton*, 72 Maine, 115 ; *Stilson* v. *Stilson*, 46 Conn. 15 ; *Adams* v. *Adams*, 91 N. Y. 381.

The note must be given in satisfaction of an obligation. *Warren* v. *Durfee*, 126 Mass. 338.

EMERY, J.   From the evidence we gather the following facts : The defendant, Lumbert, with his wife and child, lived for a while in Chicago.   Lumbert afterwards came to Bangor, leaving his wife and child in Chicago.   The wife afterwards began proceedings in Chicago for a divorce, and notice thereof was served on Lumbert in Bangor.   Pending the proceedings, Lumbert visited Chicago and had some talk with his wife and gave her the notes in suit.   The notes were by agreement made payable in form to the nominal plaintiff, but they were given to the wife as her notes.   The nominal plaintiff never had any interest in them.   The wife afterwards procured a decree of divorce upon the same proceedings and then put these notes in suit.

The vital question is, what was the consideration for the notes ? The wife had some income of her own.   She had, by her income and her labor, supported herself and her child for some time. The defendant, her husband, had not contributed for some time to their support.   She claimed she had paid some bills for her husband.   This last stated fact might have been a consideration for the notes, at least in part, had the notes been given for such bills.   Such, however, does not appear to be the fact.   The wife, in her deposition, states what the notes were given for. She says : "He (the defendant) told me at the time he gave the notes, that he had not supported us as he ought ; that he had not done right ; that he would give these notes and would pay them when they became due ; that he had no money, but could raise the money by the time the notes were due ; that he was

sorry he could not do more ; that he regretted I had been obliged to take care of myself and our child for so long, and that he would support the child in addition to the notes. *The notes were to help take care of myself and child.*"

What thing, or right, or claim, did the wife give up for these notes? What gain or relief did the husband gain by giving them? The wife had no cause of action against her husband for what she had done in the past for the support of herself and child. She would have had no cause of action for future self support. She could not legally charge him as her debtor with sums so expended. Third parties furnishing such support might have claims therefor, enforceable by action against the husband, but the wife herself could not have such a claim. Her remedy for non-support was by divorce, which remedy she availed herself of.

The husband was legally bound to support his wife and child before the giving of the notes, and he was equally so bound afterwards. He obtained no release from any obligation. It does not appear that she agreed to support herself or child thereafter, or to relieve him of any part of his legal obligations. The notes were only to help. He obtained no advantage, and she gave up no advantage.

Had she written to him at Bangor for money for the same purposes for which the notes were given, and he replied that he would send the money the next week, such a promise would not be a debt against him nor against his estate after his decease. Property conveyed by him to her to satisfy such a promise could not be held by her against his creditors. Probably a husband often promises money to his wife for her past and future expenses, but such promises are never thought to constitute the wife the legal creditor of the husband. These notes were only similar promises more formally evidenced. They were not gifts, but only promises. The consideration can be inquired into, as they have not been transferred. The writing and delivery of these notes caused no change in the situation, or in the relative rights or duties of either party. Nothing was acquired by the one, or surrendered by the other. The wife's account of the

transaction shows it was not a business one, and that the notes were not given for a legal consideration.

*Plaintiff nonsuit.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.