## LIPSMEIER *v.* VEHSLAGE.[1]

*(Circuit Court, E. D. Missouri.   October 6, 1886.)*

1. **PROMISSORY NOTES—CONSIDERATION—INDORSEMENT AFTER MATURITY.**
   A negotiable note, without consideration, cannot be enforced by a party to whom it is indorsed after maturity by the payee.[2]

2. **SAME—EVIDENCE—BURDEN OF PROOF.**
   A negotiable note imports consideration, and, in a suit on such an instrument, the burden of proving lack of consideration is upon the defendant.[2]

3. **SAME—ALLOWANCE OF TIME.**
   The allowance of time in which to pay a debt is a valuable consideration.[2]

4. **SAME—GOODS FURNISHED ANOTHER.**
   Goods furnished a third party at the maker's request are a good consideration for a note given in payment therefor.[2]

5. **SAME—COMPROMISE.**
   Where a note is given by way of compromise of a disputed claim, the consideration will not be inquired into.[2]

6. **COURTS—JURISDICTION—U. S. CIRCUIT COURT—COLLATERAL SECURITY—REV. ST. U. S. § 629.**
   Where a note for over $500, made by a resident of Missouri, and payable to another resident of that state, was indorsed by the payee to a resident of Illinois, to secure a debt for less than $500, and the indorsee agreed to account for and pay over to the indorser the entire amount collected on the note over and above the amount due him, *held*, in a suit on the note by the indorsee, that the circuit court had jurisdiction.

At Law.

Suit on a promissory note for over $500 by a resident of Illinois, to whom it was transferred by the payee, a resident of Missouri, after maturity, as collateral security for a debt of $400. At the time the transfer was made the indorsee gave the indorser a written agreement to account for and pay over to him the entire amount realized from the suit over and above the amount of his debt. When this suit was instituted, and up to the time of trial, the debt and interest thereon amounted to less than $500. It was therefore contended by the defendant that the court had no jurisdiction, because the plaintiff's interest in the suit was less than $500. The other material facts are sufficiently stated in the charge to the jury.

*Kehr & Tittman,* for plaintiff.

*Pattison & Crane,* for defendant.

TREAT, J., *(charging jury orally.)* This suit is based on a promissory note negotiable in form. The plaintiff sues as indorsee of said note. The ordinary rule of law governing paper of this kind is that it imports on its face a consideration; in other words, that the party who gave the note entered into an obligation to pay the same, for pecuniary reasons, whereby the payee would be entitled to recover on the face of the paper. This note was transferred, as admitted,

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

[2] See note at end of case.

after maturity. If it had been transferred for value, to an innocent party, before maturity, the defenses that are submitted to you would not be considered. But it so happens, admittedly, that this note was transferred long after maturity; consequently you are to determine the respective rights of the parties as if Mr. Beckerman, the payee in the note, himself was suing here. In other words, the equities of the original transaction are open for inquiry.

This note was given, it seems, February 1, 1878, negotiable by its terms,—a note payable in one year,—and transferred long thereafter to this plaintiff. Some very nice questions have been presented to the court, under the statute of the United States as to the jurisdiction of this tribunal, concerning which, in the present aspect of the case, it is unnecessary to trouble you. The court decides that the party is rightfully in court, and consequently the matter is submitted to you, and the questions of fact are—

*First*, was there any consideration for this note? If not, you must find for the defendant. But the duty of showing that there was no consideration rests on the defendant. Notes of this character import consideration. In other words, the plaintiff is not bound to prove that the note was given for consideration, because, when a party signs paper of this kind, he admits, impliedly, that there was a good reason for so doing,—a valid reason. Consequently the burden is cast upon the defendant to show that there was no consideration. Notes sometimes may be given for the accommodation of the payee, or for any other than valid reasons. If so, it being the nature of a gift,—the mere voluntary act from one to another,—there is no obligation in law, if he chooses not to pay the note, for him so to do, by judicial process. Hence this case assumes an aspect between the plaintiff and defendant as if the suit had been brought by the payee, Mr. Beckerman, against the defendant, and the question of consideration is open for full inquiry.

You have heard the testimony, which is somewhat peculiar in its aspects, and you alone must pass upon the sufficiency thereof, so far as the one or the other side is concerned. Starting, then, with the proposition that the note itself imports consideration, and that it is the duty of the defendant to show that there was no consideration, you should proceed to investigate the testimony. You have heard the statements of the immediate parties in interest. When I say "immediate," I mean the original parties. Mr. Vehslage, the defendant, has given you his version of the matter. Mr. Beckerman has given his version. Which is the true version? Did Mr. Vehslage sign this note merely to accommodate Mr. Beckerman, Mr. Vehslage not owing Mr. Beckerman anything, or did Mr. Vehslage, considering what you have heard as to the relationship of the family in all these transactions, having induced credit to be given, make his note so that the whole of the controversy might be closed by one transaction? Suppose some one or other of his sons, or his wife, had, at his

instance, been furnished with property, to-wit, the flour in question, by Mr. Beckerman, and, to adjust that controversy, Mr. Vehslage gave a note whereby the immediate payment of the debt was to be deferred for a year: under this condition of affairs the note is valid in the hands of the holder, and the party having, under such circumstances, assumed the obligation, must respond. On the one side, Mr. Vehslage informs you that he had nothing to do with these original sales, etc., with Mr. Beckerman; consequently he gave a note without any consideration. Mr. Beckerman informs you that this dealing originally began at the instance of the defendant, and that he asked Mr. Vehslage to account to him for all these amounts. If that be so, Mr. Beckerman had a right to look to this defendant, Vehslage, for the payment of that demand; and if it be true, as Mr. Beckerman says, that, after the lapse of years,—after some intermediate adjustments of accounts at the instance of Mr. Vehslage, the defendant,— the accounting was finally adjusted between them, and this note given for the balance, then this defendant was responsible for that note.

It is your duty, gentlemen, exclusively, to determine what weight you will give to the one or the other side in this conflicting testimony. You have heard both sides. They differ in very important matters as to the subject under investigation. Testimony has been offered whereby you may test the accuracy of the recollection of these respective parties in order to ascertain whether, first, this party defendant did cause this account to be entered into, the giving orders therefor, and making himself personally liable for the balance, or whether the dealings were between other parties. If the dealings were entirely with other parties, and this defendant voluntarily executed a note with respect thereto, he having no interest in the controversy, then the note is not obligatory upon him, and the verdict will be, if such be the fact, for the defendant. If, on the other hand, he asked, as Mr. Beckerman testifies, that this flour should be furnished on his account, and it was so furnished, no matter what he might wish with regard to the matter, Mr. Beckerman is entitled to pay from him, and if he gave his note, under that condition of affairs, for the balance of the account, he must pay the note.

Then, again, there is another proposition involved in this case to which the counsel, I believe, did not advert. The condition of these transactions has been explained to some extent to you. Here was a family occupying certain premises, devoted to different uses,—some using a portion thereof for a particular purpose; others for entirely different purposes. It seems to have been a family arrangement, all very proper among themselves. In order to carry forward their respective enterprises, they had a right to do what they chose among themselves, all being *sui juris*. Each one of the parties could make whatever contract he individually chose as to third parties, and be alone responsible therefor. It may be—and that is for the jury to

determine—that, under this peculiar arrangement among the various members of this family, doubts arose as to who should meet these varied obligations that had gone on in the management of these so-called family affairs of a business character. If there was a doubt or dispute among the parties, (there being an existing obligation on the part of some of them as to these matters undetermined,) and Mr. Vehslage chose to assume the obligation in order to compromise and settle the whole matter, then there was a consideration for so doing, because thereby he caused delay in the collection of the notes or the collection of the demand as to some one or the other of these respective parties.

To summarize, gentlemen, the defendant admits he executed the note in controversy. The law determines, in the absence of any proof, that that note was executed for a valuable and legal consideration. Therefore, in the absence of any proof, your verdict necessarily would be for the amount of the note, with the interest which it carries. Now, to overcome that presumption of law, which always arises when a man executes a negotiable note under the circumstances of this case, the defendant must show that the note was given without consideration. If it was given without consideration, your verdict must be for the defendant; the burden of proof being on the defendant to show that there was no consideration. As to the question of consideration, it is for you to determine, first, did this defendant owe this plaintiff? If he did, then the verdict must be for the plaintiff. If he did not owe the plaintiff, or if he did not assume the debt to settle the controversies existing with respect to the various members of his family, Mr. Beckerman giving him a year for payment in consequence of such assumption, defendant is not liable. If that is true, then there is no consideration based upon such a supposed transaction.

It often happens that, where controversies arise, parties agree to adjust them by compromise. When they so do agree, courts do not go back to inquire into whether it was a good or bad controversy. The parties are supposed to know what they were doing, and, to avoid strife or litigation, agree upon certain terms whereby the matter may be adjusted or settled between themselves. When that is done, there is a valuable consideration. Consequently, if the defendant has shown that this is not his debt; that if, as averred, he merely signed this paper for the accommodation of Mr. Beckerman, not for consideration existing,—you will have to find for the defendant. If, on the other hand, you find that it was his debt, and the flour furnished by Beckerman was furnished at his instance, then there was adequate consideration. If you find that there was difficulty or doubt as to who the respective parties were who would have been primarily liable, and he came forward, and, on consideration that the debt should be delayed for a year, assumed the same, then there is a consideration.

Now, if I have made myself understood, gentlemen, it is for you to decide, first, was there an entire absence of consideration? If so, find for the defendant. If the testimony does not convince you, under the rules laid down, that there was an absence of consideration, you will have to find for the plaintiff.

### NOTE.

PROMISSORY NOTES. The recital, in a promissory note, "for value received," is *prima facie* evidence of consideration, Noyes v. Smith, (Me.) 5 Atl. Rep. 529; Parsons v. Frost, (Mich.) 21 N. W. Rep. 303; Frank v. Irgens, (Minn.) 6 N. W. Rep. 380; Search v. Miller, (Neb.) 1 N. W. Rep. 975; which may, however, be rebutted between the parties, Lancaster Co. Nat. Bank v. Huver, (Pa.) 6 Atl. Rep. 141; Security Bank v. Bell, (Minn.) 21 N. W. Rep. 470; Maltz v. Fletcher, (Mich.) 18 N. W. Rep. 228; Kennedy v. Goodman, (Neb.) 16 N. W. Rep. 834; Brooks v. Hiatt, (Neb.) 14 N. W. Rep. 480; Torinus v. Buckham, (Minn.) 12 N. W. Rep. 348; Kansas Manuf'g Co. v. Gandy, (Neb.) 9 N. W. Rep. 569; Dicken v. Morgan, (Iowa,) 7 N. W. Rep. 145; Search v. Miller, (Mich.) 1 N. W. Rep. 975; but not as against a *bona fide* indorsee for value before maturity, Wilson v. Second Nat. Bank, (Pa.) 7 Atl. Rep. ——; Lerch Hardware Co. v. First Nat. Bank, (Pa.) 5 Atl. Rep. 778, and note; Arpin v. Owens, (Mass.) 3 N. E. Rep. 25; Western Cottage Organ Co. v. Boyle, (Neb.) 6 N. W. Rep. 473; and the burden of proof is on him who denies consideration, Bisbee v. Torinus, (Minn.) 2 N. W. Rep. 168; Conley v. Winsor, (Mich.) 2 N. W. Rep. 31.

An extension of time in which to pay a debt is a valuable consideration, and will support a promise. In re Burchell, 4 Fed. Rep. 406; Bowen v. Tipton, (Md.) 1 Atl. Rep. 861; Maclaren v. Percival, (N. Y.) 6 N. E. Rep. 582; Fraser v. Backus, (Mich.) 29 N. W. Rep. 92; Parsons v. Frost, (Mich.) 21 N. W. Rep. 303; Johnston Harvester Works v. McLean, (Wis.) 15 N. W. Rep. 177; Atherton v. Marcy, (Iowa,) 13 N. W. Rep. 759. So will a debt owing by a third person, Bowen v. Tipton, (Md.) 1 Atl. Rep. 861; Holm v. Sandberg, (Minn.) 21 N. W. Rep. 416; Atherton v. Marcy, (Iowa,) 13 N. W. Rep. 759; Chicago & N. E. R. Co. v. Edson, (Mich.) 3 N. W. Rep. 176; and the compromise of a disputed or doubtful claim, Northern Liberty Market Co. v. Kelly, 5 Sup. Ct. Rep. 422; Zimmer v. Becker, (Wis.) 29 N. W. Rep. 228, and note; Hanley v. Noyes, (Minn.) 28 N. W. Rep. 189; Griswold v. Wright, (Wis.) 21 N. W. Rep. 44; Swem v. Green, (Colo.) 12 Pac. Rep. 202; Finley v. Funk, (Kan.) 12 Pac. Rep. 15; the release of another obligation by which the promisor is already bound, In re Dixon, 13 Fed. Rep. 109; Buechel v. Buechel, (Wis.) 27 N. W. Rep. 318; Snell v. Bray, (Wis.) 14 N. W. Rep. 14; but not the release of an utterly foundless claim, Harris v. Cassaday, (Ind.) 8 N. E. Rep. 29; nor the payment of part of an undisputed debt, Hooker v. Hyde, (Wis.) 21 N. W. Rep. 52; Bryant v. Brazil, (Iowa,) 3 N. W. Rep. 117; St. Louis, Ft. S. & W. Ry. Co. v. Davis, (Kan.) 11 Pac. Rep. 421; nor a promise to do what the promisor is already bound to perform, Harris v. Cassaday, (Ind.) 8 N. E. Rep. 29; Early v. Burt, (Iowa,) 28 N. W. Rep. 35. But the contrary was held in Condon v. Barr, (N. J.) 6 Atl. Rep. 614; Kent v. Rand, (N. H.) 5 Atl. Rep. 760; Bentley v. Lamb, (Pa.) 4 Atl. Rep. 200; Hubbard v. Bugbee, (Vt.) 2 Atl. Rep. 594; Allen v. Bryson, (Iowa,) 25 N. W. Rep. 820; Van Sandt v. Cramer, (Iowa,) 15 N. W. Rep. 259.

A moral obligation will support a promise. In re Ekings, 6 Fed. Rep. 170; Edwards v. Braasted, (Mich.) 16 N. W. Rep. 261. Promises to contribute to a common object are good considerations for each other, and can be enforced if the intended donee has incurred obligations on the faith thereof. Homan v. Steele, (Neb.) 26 N. W. Rep. 472; Paddock v. Bartlett, (Iowa,) 25 N. W. Rep. 906; United Presb. Church v. Baird, (Iowa,) 14 N. W. Rep. 303; Des Moines University v. Livingston, (Iowa,) 10 N. W. Rep. 739; Allen v. Duffy, (Mich.) 4 N. W. Rep. 427.

For other considerations held sufficient to sustain a promise, see Schutt v. Missionary Society, (N. J.) 3 Atl. Rep. 398; Hunt v. Dederich, (Ind.) 5 N. E. Rep. 710; Proctor v. Cole, (Ind.) 4 N. E. Rep. 303; Crombie v. McGrath, (Mass.) 2 N. E. Rep. 100; Clayton v. Whitaker, (Iowa,) 27 N. W. Rep. 296; Bedford v. Small, (Minn.) 16 N. W. Rep. 452; Robertson v. First Nat. Bank, (Mich.) 1 N. W. Rep. 1033; Barley v. Buell, (Cal.) 11 Pac. Rep. 632; S. C. 9 Pac. Rep. 549.

For promises held to be without consideration, see Boyce v. Berger, (Neb.) 9 N. W. Rep. 545; Minneapolis Harvester Works v. Hally, (Minn.) 8 N. W. Rep. 597; Jones v. Matthieson, (Dak.) 11 N. W. Rep. 109; McCarthy v. Hampton Building Ass'n, (Iowa.) 16 N. W. Rep. 114; Fuller v. Lumbert, (Me.) 5 Atl. Rep. 183.