60 237
a110 7

## UNITED PRESBYTERIAN CHURCH v. BAIRD.

1. **Contract**: CHURCH SURSCPIPTION: CONSIDERATION. The borrowing of money by a church corporation to pay its existing indebtedness, in reliance upon a subscription to repay the borrowed money, constitutes a sufficient consideration to support the contract of subscription:—Following *Trustees v. Garvey*, 58 Ill., 104.

*Appeal from Buchanan Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION UPON A CONTRACT. The plaintiff avers in its petition, in substance, that the plaintiff is a corporation; that it

was in debt, and had need to raise money by subscription to pay the indebtedness; that several persons subscribed and promised to pay the plaintiff various sums respectively; that among them the defendant subscribed and promised to pay the plaintiff $50; that the plaintiff, relying upon the subscriptions, borrowed of one Jamison the amount necessary to pay its indebtedness, and with it paid its indebtedness, and the plaintiff now relies upon the defendant's subscription to pay Jamison, but the defendant refuses to pay his subscription.

To the petition so averring, in substance, the defendant demurred, on the ground that the alleged contract of subscription appeared to be without consideration. The court overruled the demurrer, and defendant electing to stand upon the same, judgment was rendered for the plaintiff. The defendant appeals.

*Woodward & Cook*, for appellant.

*Lake & Harmon*, for appellee.

ADAMS, J.—The question certified is in these words:

"Does the borrowing by the plaintiff, of said Jamison, money to pay the existing indebtedness of the plaintiff, relying upon the payment of said subscriptions to pay said borrowed money, create any new or additional consideration sufficient to enable the plaintiff, in law, to enforce the collection of said subscription paper?"

Whether the contract imports a consideration in such sense that the defense of a want of consideration should have been raised by answer, we do not determine. It was held in *Trustees v. Garvey*, 53 Ill., 104, that the borrowing of money to pay a pre-existing indebtedness, in reliance upon a subscription like the one in question, was a consideration sufficient to support the contract of subscription. Our attention has been called to no case which holds otherwise. While the question as an original one might not be entirely free from doubt, we are disposed to follow the decision above cited.

AFFIRMED.