FIRST METHODIST EPISCOPAL CHURCH OF FT. MADISON,.
    IOWA, v. E. M. DONNELL, Appellant.

**Sunday Law:** WHAT IS "CHARITY." A· subscription to payment of indebtedness of a church for erection of its· church building is within the exception of "charity" to the statute inhibiting labor on Sunday.

**Subscriptions:** CONSIDERATION. There is a consideration for subscriptions to payment of indebtedness for the erection of a church, where the custom of the society required all indebtedness to be paid or provided for before the dedication of the building, and after the subscriptions the trustees individually assumed the debt, relying on the subscription promised.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR.,
                    Judge. ·

TIIURSDAY, DECEMBER 14, 1899.

ACTION on a subscription to pay the indebtedness of plaintiff incurred in the erection of a church. From judgment on a verdict against the defendant, she appeals.— *Affirmed.*

See 95 Iowa, 494.

*Herminghausen & Herminghausen* for appellant.

*T. B. Snyder* and *J. D. M. Hamilton* for appellee.

LADD, J.—The object of the subscription was not worldly gain, but the advancement of Christianity and the betterment of morals in a particular locality. Indeed, the sole purpose of the plaintiff's statutory existence as a corporate body was to do good. If so, contributions for its support must be classed as charity. "Charity," says Judge Cooley in *Allen v. Duffy,* 43 Mich. 1, 38 Am. Rep. 159 (4 N. W. Rep. 427), "is active goodness. It is doing good to our fellow men. It is fostering those institutions that

are established to relieve pain, to prevent suffering, and to do good to mankind in general or any class or portion of mankind." The custom of taking offerings on the first day of the week has existed from time immemorial, and no one has supposed this to be prohibited by statute. If not, ought receiving promises for the payment of larger sums be deemed condemned thereby? Otherwise, the deacons or others in passing the box or hat, and the minister in directing this to be done, are amenable to the penalties of the law. The founder of Christianity declared it to be lawful to do good on the Sabbath day. Making gifts to religious societies is undoubtedly with that design, and is usually taught to be an act of devotion. What the harvest shall be no man can tell, and, in distinguishing what is done by way of charity from other acts, the motive, rather than the result, should be kept in view. Thus, the mechanics who erect a building for benevolent purposes work for wages, and the mere fact that what they do may aid materially in accomplishing the end sought would not stamp their labor as charitable. In Massachusetts, under a statute somewhat similar to ours, the exception has been held to include everything which is morally fit and proper to be done upon Sunday, under the particular circumstances of the case. *Doyle v. Railroad Co.,* 118 Mass. 195. If a voluntary contribution, or promise to contribute, for the payment of the debt of a church, with no expectation of gain or return whatever, is not an act of charity, we are unable to conceive how else it should be designated. Taking collections and subscriptions to carry on the work of a religious organization may not, strictly speaking, be deemed a part of religious worship; but these are means for its support, and come within the exception of the statute prohibiting any labor, "except that of necessity or charity." *Allen v. Duffy, supra; Bryan v. Watson,* 127 Ind. Sup. 42 (26 N. E. Rep. 666, 11 L. R. A. 63); *Dale v. Knapp,* 98 Pa. St. 389.

II.   The indebtedness was that of the plaintiff as a corporation. It was represented in a business way, and man-

aged by a board of trustees. The custom of the church
required all indebtedness to be paid or provided for
by subscription before the dedication of the building.

The evidence tended to show that after subscriptions,
including that of the defendant, had been taken in the
morning, the trustees individually assumed the indebted-
ness of the church, and, in doing so, relied on these prom-
ises of contribution. The jury might have so found, and,
if so, then certainly there was, under the doctrine of *Presby-
terian Church v. Baird,* 60 Iowa, 237, a consideration for
the defendant's subscription. It is not the case of several
promises, each for the same purpose, but of one covering
the object of all in reliance on them. The body corporate,
on the faith of the subscription, procured the security of
the trustees individually, and in doing so accepted and
acted on the subscription.

III. Whether the defendant heard the subscription
paper read, and authorized her name attached thereto, were
issues properly left to the jury. The third paragraph of the
charge, considered as a whole, was not subject to miscon-
struction by the jury.—AFFIRMED.

GRANGER, J., not sitting.