(13 Misc. Rep. 150.)

## LOW v. LEARNED.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

**1. PROMISSORY NOTE—CONSIDERATION—RENEWAL.**

On giving a renewal note, surrender of the previous note is not a part of the consideration of the new note, unless made so by agreement.

**2. SAME—PROTEST—EVIDENCE.**

Where a note was protested in another state, it is not necessary to prove the law of such state, as there is no presumption that there is any difference in the law merchant of the two states.

Appeal from trial term.

Action by William A. Low against James A. Learned. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Affirmed.

The action was brought upon a promissory note for value received, made by the Westray's Point Land & Improvement Company, dated August 29, 1890, at three months, for $1,500, payable at the First National Bank, Tom's River, N. J., to the order of the defendant, James E. Learned, and indorsed by him. The defense was a denial of knowledge, or information sufficient to form a belief, as to the making of the note; a denial that the note was made for value; a denial of the allegation of the indorsement thereof by defendant to the plaintiff for value; and a denial of the allegation of the complaint as to presentment, nonpayment, and notice thereof to defendant. A verdict was ordered for the plaintiff for the full amount of the note.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

P. Nolan, for appellant.

John H. Stoutenburgh (A. Bell Malcomson, of counsel), for respondent.

DALY, C. J. The defendant issued, as accommodation indorser, and the proof shows that he delivered, the note in suit, indorsed by him, to the plaintiff, in renewal of a previous note of the same maker which also bore his indorsement. Upon the trial he claimed that there was a failure of consideration, unless the plaintiff showed a surrender or return of the original note. As he was an accommodation indorser, proof of consideration or of value received by him was unnecessary. From the very meaning of the term, no proof of consideration is requisite in the case of "accommodation" indorsement. 2 Am. & Eng. Enc. Law, 364. So far as the maker of the note was concerned, it was not necessary for the plaintiff to show

any consideration or value received by the company; the note in suit being a renewal of the company's own paper, and acceptance and retention by the plaintiff of the new note, with the agreement for extension or forbearance thereby implied, being a good consideration. Id. 361, and cases.   Appellant relies upon Miller v. Ritz, 3 E. D. Smith, 253, which was a case of an express agreement by the holder to return the old note in consideration of the delivery of the new obligation, and it was held that a failure to return the old note was a failure of consideration.   In this case the renewal note was delivered by the indorser without exacting any agreement to return the original note to him or to the maker, and hence there was no failure of consideration.   Nevertheless, proof of the return of the old note by mail was given by the plaintiff, upon the intimation of the trial judge that evidence thereof was necessary, and defendant denied the receipt of it.   His request, subsequently, to go to the jury upon the question of fact as to whether he ever received it, was properly denied, as the return of the instrument could not affect his liability upon the renewal note.

Defendant contended on the trial that plaintiff had not proved protest, inasmuch as there was no evidence of the laws of New Jersey, where the note was protested, as to what constituted protest in that state, and no proof as to where the notice of protest was sent, or that due diligence was used to find the address of the indorser. There is no presumption that there is any difference in the law merchant in this state and in New Jersey.   The notary public called by the plaintiff showed that he pursued the usual course, and made demand for payment of the note on the day it was payable at the bank named in it; and he produced his protest book, with copies of the notices of protest, showing that notice was mailed to the defendant at the place where, it appears from his own evidence, he was doing business.   There was no force, therefore, in his objections made on the trial.   On this appeal he urges that there was no proof of nonpayment.   That point was not made on the trial, and, if it had been, the possession of the note by the plaintiff would have been a sufficient answer.

It is also urged that the notary's certificate of protest is not proof. The notary's protest book and certificate were admitted without objection on the trial.   None of the other objections now urged was taken upon the trial.   The proof shows clearly that the note was duly demanded, was not paid, and that proper and timely notice thereof was given to defendant, according to the custom of merchants.   The judgment is affirmed, with costs.   All concur.