## MATHEWS *v.* LIBBEY BROTHERS.

---

CONTRACTS; CONSIDERATION; CONFLICT OF LAWS.

1. A materialman's promise to refrain from prosecuting a lien against the premises improved is, when acted upon, a suffcient consideration for the owner's promise to pay for the materials furnished to his contractor.

2. An action instituted in the District of Columbia upon the promise of the owner of a building under construction to pay materialmen for material furnished to the principal contractor, is governed by sec. 1257, D. C. Code (31 Stat. at L. 1387, chap. 854), forbidding a judgment on such a promise when not in writing; especially where the promise was entered into and partly performed in the District of Columbia, and although both the owner's contract with the contractor and the latter's contract with the materialmen were to be performed in Maryland. (*Citing Willard v. Wood,* 1 App. D. C. 44.)

N. 2644.     Submitted April 7, 1914.     Decided May 4, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover the balance alleged to be due for lumber furnished to defendant.     *Reversed.*

The COURT in the opinion stated the facts as follows:

This action was begun in the municipal court by Libbey

Brothers against William Mathews, appellant, to recover the sum of $260.76, the balance of an account for lumber furnished to the amount of $1,043.79.

Plaintiffs recovered judgment for the amount claimed, and defendant appealed to the supreme court of the District. Plaintiff, in response to a motion of defendant, filed an itemized statement of lumber and material furnished for the construction of defendant's house, the items of which amounted to $1,-512.04. Crediting certain payments and returns, the balance due amounted to $260.76.

The testimony of the plaintiffs tended to show that the material had been furnished to the Bush Stone & Construction Company by the plaintiffs for the construction of a house for defendant at Silver Springs, Maryland. That an itemized bill was sent to an attorney in Maryland for the purpose of having him prepare and serve a notice upon defendant for the purpose to claim a lien on his premises for the amount of the same. Defendant, in response to a letter, called on the attorney and accepted service of the notice of lien. Defendant said he would see plaintiffs and their attorney in Washington and settle the matter. This was August 26, 1911. That one or two days afterwards defendant called on plaintiffs' attorney, at his office in Washington. The account with defendant's acceptance of notice had been returned to the Washington attorney. Defendant said he recognized his liability, and would have to pay the bill, but was short of funds. Was anxious not to have a lien on his premises, and if plaintiffs would refrain from filing a lien and prosecuting a suit, he would pay the balance as soon as possible. It was agreed with him that, in consideration of his promise to pay, plaintiffs would refrain from lien and suit. Within a few days defendant sent a check for $473.53; and about December 16 another for $300. Defendant at the time claimed that there were some frames that were not gotten for his house. The Bush Company had two contracts at Silver Springs, and defendant was told this credit would be allowed. The total amount of the account as shown to and examined by defendant was $1,043.79. Defendant later promised he would

pay the balance of $260.76 on May 1st. The original account had been used in the municipal court and lost. Witness was not certain that the itemized bill sent to Maryland was the same as the bill of particulars.

Defendant's testimony tended to show that the Bush Company was under a contract to build his house, and was also building a hotel at Silver Springs for a hotel company. The Bush Company had bought lumber from plaintiffs. He did not promise to pay the bill. Said he was under no personal obligation to pay the Bush Company's bill. Plaintiffs had charged defendant with a lot of material used in the hotel construction, which they well knew.

That he promised to use his influence with the Bush Company to have it pay. That the Bush Company was pressed on account of the hotel job; could not get its payments, and the hotel went into the hands of a receiver before completion. Bush Company agreed to assign any money due it by defendant to the plaintiffs. Defendant agreed with plaintiffs' attorney that he would pay whatever money was due Bush Company, to which that company also agreed. The court refused to permit defendant to go over the bill of particulars, item by item, on the ground that the plaintiffs claim an agreement to pay the specific sum of $1,043.79, and also refused to permit defendant to show whence he obtained the money which he had paid on the account. Defendant also read two letters to plaintiffs' attorney, of March 9 and 29, 1912, stating in substance that he was under no obligation to pay the Bush Company's bills; that there was no more money due by him to the Bush Company, and plaintiffs would have to look to it.

The court refused two instructions requested by defendant which had been objected to by plaintiffs because they had not been offered until after plaintiffs had closed their opening argument.

One of these was to the effect that if the lumber had been furnished to the Bush Company, the debt was due by the latter, and that if no promise had been made in writing by defendant to pay that debt, the verdict must be for him.

The second was to the effect that there could be no such thing as an account stated except between debtor and creditor.

The court then charged the jury in substance that it was not necessary for them to decide whether the items of the bill are correct or not. That if defendant promised to pay the definite sum of $1,043.79, in consideration that plaintiffs would refrain from filing or prosecuting a lien against his property, and that in pursuance of this promise plaintiffs did so refrain, they should find for the plaintiffs. Exceptions were taken to the charge and to the refusal of defendant's instructions aforesaid.

Verdict was returned for plaintiffs for the amount of the demand, and from judgment thereon, defendant has appealed.

*Mr. Henry H. Glassie* and *Mr. Joseph H. Bilbrey,* for the appellant:

1. It was error to hold that plaintiff, without proof of anything being due him, could recover as on an account stated, upon testimony of a promise by the defendant to pay the stated balance of an itemized bill for lumber furnished not to the defendant, but to another, *viz.,* the contractor. *Lockwood* v. *Thorne,* 18 N. Y. 285; *McKinster* v. *Hitchcock,* 19 Neb. 100; *Clark* v. *Webb,* Cromp. M. & R. 28, 29; *Petch* v. *Lyon,* 9 Q. B. 147; *Mitchell* v. *Dall,* 2 Hurlst. & G. 159, 175; *Lockwood* v. *Thorne,* 18 N. Y. 285; *Truman* v. *Owens,* 17 Or. 523, 527; *Zacarino* v. *Pallotti,* 49 Conn. 36, 38.

2. The plaintiff having failed to prove a promise in writing by the defendant to pay for material furnished the contractor, the provisions of sec. 1257 of the Code preclude the recovery of a personal judgment against the defendant. *Hamilton* v. *Rathbone,* 175 U. S. 421; *Duehay* v. *District of Columbia,* 25 App. D. C. 434, 7; *Morgan* v. *Railroad Co.* 96 U. S. 722; *Lewis* v. *United States,* 92 U. S. 621; *Lake County* v. *Rollins,* 130 U. S. 670, 1; *Leroux* v. *Brown,* 12 C. B. 801, 824; *Willard* v. *Wood,* 1 App. D. C. 44, 58; *Willard* v. *Wood,* 135 U. S. 309; *Willard* v. *Wood,* 164 U. S. 502; *Bank of United States* v. *Donnally,* 8 Pet. 361; *Bain* v. *Whitehaven,* 3 H. L.

Cas. 1, 8; *Downer* v. *Cheesborough,* 36 Conn. 39, 47; *Moses* v. *Lawrence County Bank,* 149 U. S. 298.

*Mr. D. S. Mackall* and *Mr. B. D. Boteler,* for the appellee:

1. Appellant having promised to pay the exact sum of $1,-043.79, upon a perfectly valid consideration, it was not error to exclude evidence tending to show that a portion of the material furnished by Libbey was not used in the construction of appellant's home. *Fulton* v. *Parlett,* 104 Md. 69; *Maryland Brick Co.* v. *Dunkely,* 85 Md. 212.

2. It was not error to hold that if Mathews promised to pay the definite sum of $1,043.79, in consideration that Libbey would refrain from filing or prosecuting a lien against defendant's property in Maryland, the plaintiff was entitled to a verdict for the balance remaining unpaid. *Emerson* v. *Slater,* 22 How. 28, 43, 44.

3. The contract having reference to the waiver of a lien against property in Maryland, for materials furnished in the said state, the mechanic's lien laws of the District of Columbia, inclusive of sec. 1257, have no application to rights arising under a contract valid under the laws of Maryland. *Hall* v. *Cordell,* 142 U. S. 116, 35 L. ed. 956; 22 Am. & Eng. Enc. Law, 2d ed. 1328, and cases cited; *Pritchard* v. *Norton,* 106 U. S. 125.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Whilst, by the law of Maryland, defendant's promises could be subjected to a lien for materials furnished his contractor for use in the construction of his house in that State, he was not personally bound for his contractor's debt. The relation of debtor and creditor did not subsist between the defendant and the plaintiffs. The liability of the defendant in this action depended, as the court charged the jury, upon proof of his promise to pay the debt of another. The promise to refrain

from prosecuting a lien upon defendant's promises for materials furnished his contractor, if acted upon, is a sufficient consideration for his promise.

The question on which the case turns is the character of the evidence of that promise. Is parol evidence of the promise, as charged by the court, sufficient in law, or is it necessary that the promise shall have been in writing, as stated in defendant's refused instruction?

The case is governed by sec. 1257 of the Code [31 Stat. at L. 1387, chap. 854], which reads as follows:

"No subcontractor, materialman, or workman employed under the original contractor shall be entitled to a personal judgment or decree against the owner of the premises for the amount due to him from said original contractor, except upon a special promise of such owner, in writing, for a sufficient consideration, to be answerable for the same."

This section plainly applies to the situation presented here.

Plaintiffs contend that it cannot govern this promise, because it is a contract to be performed in Maryland, and must, therefore, be governed by the law of that State. The contention assumes that the statute of frauds of Maryland does not apply to a parol promise to pay the debt of another, made under the circumstances of this case.

It is true that the contract between defendant and the building contractor was to be performed in Maryland. So likewise with the contract between the contractor and the plaintiffs, if it may be inferred that it provided for the delivery of the materials in Maryland. But plaintiffs were not parties to the first of those contracts, and defendant was not a party to the second. They have nothing to do with the contract declared upon.

The evidence of the plaintiffs shows that this promise was made in the office of the plaintiffs' attorney, in the District of Columbia. No place of performance was stipulated, and it may be inferred from the fact that payments upon the account were there made that it was expected to be performed in the District of Columbia, where plaintiffs resided and carried on their business.

Be that as it may, however, the action upon the promise was brought in the District of Columbia, and the remedy is governed by its statute, which requires that such a promise be in writing. *Willard* v. *Wood,* 1 App. D. C. 44, 58; *Bank of United States* v. *Donnally,* 8 Pet. 361, 372, 8 L. ed. 974, 978; *Willard* v. *Wood,* 164 U. S. 502, 520, 41 L. ed. 531, 538, 17 Sup. Ct. Rep. 176. The situation is governed by the principle declared in those cases.

The court should have charged the jury that parol evidence of the promise was not sufficient to warrant recovery.

The judgment is reversed, with costs, and the cause remanded with direction to order a new trial.                    *Reversed.*