## GRACE HIESTON

*vs.*

## THE NATIONAL CITY BANK OF CHICAGO,

### A Corporation.

*Non-resident corporations: right to sue in Maryland. Forbear-
ance to sue: consideration for a promise. Non-residents:
jurisdiction; service of process.*

When a national bank of another State brings suit in Mary-
land, it is not such a "doing business" in Maryland as to bring
it within the meaning of sections 93 and 94 of Article 23 of
the Code, requiring a certificate from foreign corporations to
be filed with the Secretary of State as a condition to their
right to do business in the State.                    p. 393

Forbearance to institute legal proceedings is a good consid-
eration for a promise by a third person to pay a debt of
another, even though no actual benefit accrues to such third
person.                                              p. 395

If a defendant who is a non-resident is found within the
State, and service of process is made against him, jurisdiction
will thereby be conferred.                           p. 396

*Decided April 2nd, 1918.*

Appeal from the Baltimore City Court. (Heuisler, J.)

The facts are stated in the opinion of the Court.

The following is the plaintiff's second prayer, which the
Court directs should be printed with the report of the case:

"The plaintiff, National City Bank of Chicago, prays the
Court to instruct the jury that if they shall find that on or
about the 5th day of January, 1914, one Walter Hieston
was indebted to the plaintiff, National City Bank of Chicago,
in an amount exceeding $5,000, and that the plaintiff was

then about to enforce by suit its claims against the said Walter Hieston, and that on or about the 5th day of January, 1914, the defendant, Grace Hieston, executed the following guaranty:

"Individual or Corporation:

"I hereby request The National City Bank of Chicago to give and continue to Walter Hieston credit as he may desire from time to time, and in consideration of all and any such credit given him, I hereby guarantee prompt payment when due of any and all indebtedness now due or which may hereafter become due from him to said Bank, howsoever created, or arising, or evidenced, to the extent of five thousand dollars ($5,000), and waive notice of the acceptance of this guaranty, and of any and all indebtedness at any time covered by the same. This guaranty shall continue until written notice from me of the discontinuance thereof shall be received by said The National City Bank of Chicago.

(Signed)    Grace Hieston.

"Chicago, Ill., Jan'y 5, 1914."

And that upon receipt of said guaranty the plaintiff notified the defendant by letter dated January 5, 1914, that the plaintiff, in consideration of the aforesaid guaranty, agreed that it would start no suit looking toward the recovery of a judgment on the indebtedness due by said Walter Hieston to the said plaintiff for a period of 30 days from the 5th day of January, 1914; and if the jury shall further find that the plaintiff, National City Bank of Chicago, relying on said guaranty, took no proceedings looking toward the recovery of a judgment on the indebtedness due by the said Walter Heiston to the said plaintiff, for a period of 30 days from the 5th day of January, 1914, and that the said Walter Hieston, after the expiration of said 30 days, did not and has not at the present time paid his said indebtedness, and that said indebtedness exceeds the sum of $5,000, then the verdict of the jury must be in favor of the plaintiff, National

City Bank of Chicago, for the sum of $5,000, with interest in the discretion of the jury from such time as they shall find the plaintiff made demand upon the defendant to pay said indebtedness to the extent of $5,000. (*Granted.*)."

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Herbert B. Stimpson,* for the appellant.

*L. Vernon Miller* and *George Weems Williams,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a suit upon a contract of guaranty, dated the 5th day of January, 1914, and executed in the City of Chicago, in the State of Illinois, by the defendant to the plaintiff.

The appellant, the defendant below, is a married woman, temporarily residing in Baltimore City, in this State, but her husband is a citizen and a resident of the State of Illinois. Service of summons was obtained upon her in this State, where she had been residing on or about the period of three years, prior to the institution of the suit.

The appellee, the plaintiff below, is a non-resident corporation, duly incorporated under the laws of the United States, and carrying on the banking business in the City of Chicago, in the State of Illinois.

The contract of guaranty is attached to and made a part of the declaration, and is as follows:

"Individual or Corporation:

"I hereby request The National City Bank of Chicago to give and continue to Walter Hieston credit as he may desire from time to time, and in consideration of all and any such credit given him, I hereby guarantee prompt payment when due of any and all indebtedness now due or which may hereafter become due from him to said Bank, howsoever created, or arising, or evidenced, to the extent of five thousand

dollars ($5,000), and waive notice of the acceptance of this guaranty, and of any and all indebtedness at any time covered by the same. This guaranty shall continue until written notice from me of the discontinuance thereof shall be received by said The National City Bank of Chicago.

                                    (Signed)    Grace Hieston.
     "Chicago, Ill., Jan'y 5, 1914."

The declaration contains three counts in assumpsit and a fourth count declaring upon the guaranty. This count avers, in substance, that Walter Hieston, the husband of the defendant, was indebted to the plaintiff in a large amount, exceeding five thousand dollars ($5,000), and the plaintiff was then about to enforce by suit its claims against him, and thereupon the defendant executed the guaranty set out and stated in the declaration.

It further avers that upon receipt of the guaranty the plaintiff notified the defendant by letter dated January 5, 1914, which letter was duly received by the defendant, that the plaintiff in consideration of the guaranty agreed that it would start no suit looking toward the recovery of a judgment on the indebtedness due by the husband to the plaintiff for a period of thirty days from the 5th day of January, 1914; that the husband had not paid the whole or any part of the debt due by him at the time of the execution of the guaranty, and that the debt, exclusive of interest, largely exceeds the sum of five thousand dollars. And that the plaintiff has notified the defendant of this fact and has demanded the payment by her, but she has failed and refused to pay the same in accordance with the guaranty.

At the trial of the case in the Baltimore City Court the defendant reserved four bills of exceptions to the rulings of the Court upon the evidence and prayers.

There were also other rulings of the Court upon the pleadings and upon a motion to postpone or to discontinue the case, but as we find no reversible error in the last named

rulings we will first consider the controlling questions which are presented by the record in their regular order.

The first exception presents the ruling of the Court in refusing the defendant's motion to postpone the case upon the ground that the plaintiff bank could not maintain this action because it had not filed with the Secretary of State, prior to the trial, the certificate required by Article 23, sections 93 and 94 of the Code.

The answer to this contention is very obvious, and that is, the bringing of a suit by a national bank in our State courts can not be held to be "doing business herein" and that Article 23, sections 93 and 94, has no application to a case of this kind.  There was no error in overruling and refusing the defendant's motion, set out in this exception.

The second, third and fourth bills of exceptions contain the rulings upon evidence.

The second and third exceptions embrace the ruling of the Court in sustaining objections to the following questions asked the witness, Walter Hieston, in the course of the trial: (1) "Q. What was the immediate cause of your getting indebted to the bank?" (2) "Q. What did you say to Mrs. Hieston in reference to her signing this (meaning the guaranty)?"

The debt due by the husband to the bank, it will be observed, was admitted and not in dispute.  The cause of the indebtedness and the manner in which it was incurred were clearly irrelevant to the issues in the case.

Statements made by the husband, who was not a party to the contract of guaranty, to the defendant, before she signed the guaranty, were inadmissible and properly excluded by the Court.

There was no error in the ruling set out in the fourth exception.  The question, "Was that the moving thing that led you to the signing of the agreement?" propounded to the witness, the defendant in the case, was not only leading, but she had testified fully as to her reason for signing the guar-

anty, and was permitted to repeat in her subsequent examination her motive and intent in executing the guaranty, and she could not therefore have been injured by the ruling in sustaining the objection in this exception.

This brings us to the rulings upon the prayers. The Court below granted the plaintiff's second prayer, but refused all the other prayers presented on behalf of both the plaintiff and defendant in the case.

The plaintiff's second prayer, it will be seen (the *Reporter* will set out this prayer in his report of the case), not only stated the cause of action as set out in the fourth count of the declaration, but all of the necessary facts, if found by the jury, to permit a recovery in the case.

The testimony in the case upon the main facts was practically undisputed. The indebtedness of the husband of the defendant to the plaintiff; the guaranty of the defendant to pay a portion of this debt, and the failure of the defendant to pay the debt, as guaranteed, are admitted, and are also clearly established by the evidence.

While the consideration for the guaranty is not set forth in the guaranty itself, it is sufficiently shown by the other testimony in the case to answer the requirements of the statute.

By section 38 of Article 35 of the Code of Public General Laws it is provided: "Where an action, suit or proceeding is brought for the purpose of charging any person on a special promise to be answerable for the debt, default or miscarriage of another person, it shall not be necessary to show that the consideration of such promise is in writing."

The guaranty, however, upon which the action in this case is brought is in writing, and signed by the party to be charged therewith, and the consideration therefor is set out in a letter by the bank, which was given to the defendant simultaneously with the execution of the guaranty. The letter is as follows:

"Chicago, January 5, 1914.
"Mrs. Grace Hieston,
     "325 Belden avenue, Chicago.
"Dear Madam:
   "In consideration of receipt of your guaranty, $5,000.00, guaranteeing the indebtedness owing by Walter Hieston to this Bank, we hereby agree that we will start no suit looking toward the recovery of a judgment on such indebtedness for a period of thirty days from the date of this letter.
                    "Very truly yours,
                              "W. T. Perkins,
     "PBW.                    Assistant Cashier."

The law is well settled in this State by a long line of authorities that the forbearance to institute legal proceedings is a good consideration for a promise by a third person to pay the debt of another, even though no actual benefit accrue to the party undertaking. *Thomas* v. *Delphy,* 33 Md. 373; *Emerick* v. *Coakley,* 35 Md. 188; *Bowen* v. *Tipton,* 64 Md. 275.

The plaintiff's second prayer, we think, correctly stated the propositions of law applicable to the case, and was properly granted.

As the demurrer to the fourth count of the declaration presents the same questions as were raised by the ruling on the second prayer, it was properly sustained for the reasons we have stated in passing on this prayer.

The defendant's first and second prayers were demurrers to the evidence and were properly rejected.

The defendant's third, fourth, fifth and sixth prayers sought to submit propositions not supported by the testimony, and could not have been granted for the reasons stated in passing upon the plaintiff's second prayer.

The defendant's seventh and eighth prayers were based upon the theory that the guaranty had been obtained from the defendant by duress and by threats of criminal charges against her husband.

We find no evidence in the record tending to support the propositions sought to be submitted to the jury by these prayers. On the contrary, the defendant testified that she signed the paper of her own free will. The undisputed evidence shows that she executed the guaranty while acting under the advice of counsel, Senator Mason, of the Illinois bar, and that she fully understood the purport of the undertaking and the extent of her liability thereunder. The seventh and eighth prayers were properly refused.

As to the question of jurisdiction raised by the plaintiff's demurrer to the defendant's two pleas in abatement, we need only say that it is clear, under the facts of this case, that the Baltimore City Court had jurisdiction to hear and determine the case.

It appears from the record that service of process was not only made upon the defendant while within the State, but, according to her own testimony, she had been absent from the State of Illinois and had been living in a furnished apartment in the City of Baltimore, in this State, "off and on for three years."

In 11 *Cyc.* 668, the general rule upon this subject, under the title of "Actions against Non-Residents," is thus stated: "But if a defendant who is a non-resident is found within the State and service of process is there made upon him, jurisdiction will thereby be acquired."

The policy of the law here announced, in this character of case, is not only supported by authorities in other States, but by the decisions of the Courts of this State. *Mullen* v. *Sanborn,* 79 Md. 364; *Mason* v. *Union Mills Co.,* 81 Md. 446; *Linville* v. *Hadden & Co.,* 88 Md. 594; *Hodgson* v. *Bldg. Association,* 91 Md. 439; *McSherry* v. *McSherry,* 113 Md. 400; *Hagerstown Brewing Co.* v. *Gates,* 117 Md. 348.

Finding no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed, with costs.*