THE PHENIX NATIONAL BANK OF PROVIDENCE *vs.* VINCENZA RAIA, *Admx.*

JULY 31, 1942.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

BAKER, J. This is an action of assumpsit on a promissory note. The case was heard by a justice of the superior court sitting without a jury, and he rendered a decision in favor of the plaintiff for the sum of $2442.19. From that decision the defendant has duly prosecuted her bill of exceptions to this court. The only exception pressed is to said decision.

It appears from the evidence that on January 1, 1931 Vito N. Famiglietti, as maker, signed a promissory note for $2500,

payable on demand to the order of himself. It was discounted by the plaintiff bank and he received the proceeds thereof. The note was indorsed on the back by the maker, his wife, Carolina Famiglietti, Dr. Pasquale Conca, Vito L. Raia, and Dr. Luigi Maiello. Mr. Famiglietti died insolvent July 6, 1931. His wife and family received nothing from his estate. Thereafter, at the plaintiff's request, the note in suit was executed. It was dated April 1, 1932. The maker was Carolina Famiglietti, and it was indorsed by V. L. Raia, Dr. Pasquale Conca, Dr. L. Maiello, Albert M. Famiglietti and William G. Famiglietti, the last two being sons of Vito and Carolina Famiglietti. This second note was payable on demand to the order of the plaintiff bank and was for the sum of $2365. This figure apparently was based on the amount of the first note with interest less certain payments made to the bank on account of that note. On both notes the indorsers expressly waived demand and notice of protest.

At the time such second note was executed and delivered to the plaintiff no payments of any kind were received by the maker or the indorsers thereof. The plaintiff bank also retained possession of the first note. There is, however, no evidence that any of the parties on the second note asked or demanded that the first note be given up by the plaintiff. Later an agreement in regard to the liquidation of said second note was entered into by the maker thereof, by four of the indorsers thereon, by the administratrix of the estate of Dr. Conca, also an indorser, and by the plaintiff bank. Although this agreement is dated September 1, 1936, the evidence shows that it was not completely executed and delivered until December 21, 1936. Vito L. Raia, an indorser on said second note, was present at the bank on the date last mentioned when the matter of the agreement was finally consummated. At this time the plaintiff bank was represented by its president, who died before this case was brought.

This agreement contained, among other things, certain provisions regarding the payment of interest and principal on the note in suit; a provision that the legal relationship of Conca, Raia and Maiello to the maker and to the Famiglietti indorsers was that of accommodation indorsers; a provision that as long as said payments were made according to the terms of said agreement, the bank would forbear from bringing suit to collect said note; and a provision that the parties on said note waived the statute of limitations, provided that no action should be brought on the note after six years from the date of the agreement. The last indorsement on the note in suit, showing·payments of interest and principal, bears the date of March 31, 1937. The present case was started October 18, 1939.

The evidence also shows that Vito L. Raia died November 21, 1938 and that the defendant is the duly appointed administratrix of his estate. It is admitted that all the formalities necessary to the bringing of the instant case against the defendant, as administratrix as aforesaid, have been complied with by the plaintiff. It appears in evidence that at no time has the plaintiff bank ever attempted to enforce collection of the first note, above referred to, from any of the interested parties or from the estates of any of them. The trial justice found that the second note was prepared by the plaintiff bank with the intent that it should be in substitution for the first note. .

By way of defense the defendant maintains that the plaintiff gave no consideration either to the maker or to Dr. Raia for the note now sued on, and that it is unenforcible; that on the evidence the plaintiff as payee of the note in question cannot recover from the defendant as administratrix of the estate of Dr. Raia, an indorser thereon; and that there was no consideration for the agreement of September 1, 1936.

The plaintiff admits that Dr. Raia's estate is not liable on his indorsement of the second note unless consideration was given for the promise of the maker of that note, namely,

Carolina Famiglietti. However, if such consideration was given by the plaintiff then it would not be necessary, in order to hold Dr. Raia, or the defendant as representing his estate, to show that he received consideration. It clearly appears that Dr. Raia was an accommodation indorser on both notes, and it has been held: "From the very meaning of the term, no proof of consideration is requisite in the case of 'accommodation' indorsement." *Low* v. *Learned,* 34 N. Y. Supp. 68.

The plaintiff contends that consideration was given by it to Carolina Famiglietti, the maker of the second note upon which Dr. Raia was an accommodation indorser, and that the note was enforcible and the parties thereon liable. That consideration was the forbearance by the plaintiff to proceed against Carolina Famiglietti after the death of her husband, Vito N. Famiglietti, the maker of the first note, in order to collect the indebtedness represented by said note, Carolina Famiglietti being an indorser thereon. It is not questioned that she was not under the disability of coverture when she signed the first note as indorser. Our statute on that point, G. L. 1938, chap. 417, § 3, formerly G. L. 1923, chap. 290, sec. 3, is as follows: "A married woman may make any contract whatsoever, the same as if she were single and unmarried, and with the same rights and liabilities." Further, it is not disputed that Carolina Famiglietti was never sued as indorser, as aforesaid, by plaintiff, and that the second note, now in suit, was signed by her as maker and by Dr. Raia as accommodation indorser about nine months after Vito N. Famiglietti's death.

The defendant contends, however, that, under all the facts and circumstances appearing in this case, there was no such forbearance, within the proper meaning of that term, as would constitute consideration from the plaintiff to Carolina Famiglietti as maker of the note in suit. In substance, the defendant maintains that, in order to have a forbearance from enforcing an existing obligation constitute valid consideration for a new or second undertaking, there must be a

binding agreement to forbear or to extend the time of payment as to the existing obligation, and that such agreement must fix a definite time for such forbearance or extension. The defendant urges that the extent of such forbearance must not be left to the option of the plaintiff only; and she points out that in this case the second note now in suit was a demand note, and, therefore, that there apparently was nothing to prevent the plaintiff from demanding payment of either note immediately after the second note was executed. In addition, she argues that any such agreement must be entered into when the new obligation is executed, not thereafter. The defendant claims that no such agreement was made between the plaintiff and Carolina Famiglietti.

Many of the cases cited by the defendant are distinguishable from the present case in that their facts show that the person sued was not a party to the first or original obligation, as was Carolina Famiglietti and Dr. Raia, or that if nominally a party, such person was not in fact actually liable on the first obligation because of some absolute defense thereto. Also, cases in which the new obligation was considered to be merely collateral security for the original obligation, and cases which involve merely the extension of time for payment of a note, as bearing upon the liability of one secondarily liable thereon, do not seem applicable here.

An examination of the authorities generally reveals that, broadly speaking, an agreement to forbear to enforce rights under an original obligation is, under the proper circumstances, recognized as good consideration for a new obligation. Further, an agreement between the interested parties for such forbearance may be either express or implied. It has also been held that actual forbearance may be evidence from which, with other facts, an agreement to forbear may be implied. It would appear that courts have been liberal in implying such an agreement.

In *McDonald Brothers Co.* v. *Koltes,* 155 Minn. 24, three officers of a mercantile company, which was indebted to the

plaintiff, gave their personal notes, payable in three months, to cancel the indebtedness. When sued on the notes they set up the defense of lack of consideration. The court, in deciding against that contention, uses the following language at page 27 of its opinion: "May mere forbearance to enforce payment of a demand be a sufficient consideration to support the promise of a third person to pay the demand, even though no promise of forbearance was made? The question should be answered in the affirmative, if we accept the reasoning of the court in such cases as Glegg v. Bromley, 3 L. R. K. B. Div. (1912) 474; Strong *v.* Sheffield, 144 N. Y. 392, 39 N. E. 330; and Edgerton v. Weaver, 105 Ill. 43. The doctrine of these cases is that when a creditor asks for payment of his claim, and, in consequence of the request, the debtor either gives security or gets a third person to assume the debt and give his promise to pay it, although there was no promise on the part of the creditor to abstain from suing for the debt, yet if he does abstain for a reasonable time, there is, so to say, an ex post facto consideration for the security, or for the promise of the third person. Otherwise expressed, it is enough if it is to be inferred from the circumstances that there was an implied request for forbearance for a time and that such forbearance was in fact extended in compliance with the request."

Further, this court in *Cardoza* v. *Pereira,* 53 R. I. 460, a case which is briefly reported, held at page 462 of its opinion: "On the question of consideration, it is evident that the note was given in consideration of forbearance to press an existing obligation of Pereira to the plaintiff." The facts there showed that the defendants were sued as joint makers on a note which the plaintiff obtained after requesting from Pereira a note with indorsers, Pereira having formerly given the plaintiff his note for $1000 on which $60 had been paid.

In view of the holding in the case last cited and in other authorities, we are of the opinion that an implied agreement that the plaintiff forbear from immediately enforcing any demand against Carolina Famiglietti on her obligation on

the first note, in consideration of her execution of the second note as maker, appears from the evidence and the conduct of the parties in the present case. Such an agreement was carried out by the plaintiff, and hence there was valid consideration for the second note, which became enforcible against the parties thereon, including Dr. Raia and his estate after his death. In our judgment, on all the facts and circumstances in this case, the plaintiff is not obliged to rely merely on its actual forbearance alone as consideration for the second note, but may rely on the implied agreement for forbearance on its part, followed by appropriate conduct in accordance with such agreement. We are unable, therefore, to accept the defendant's contention that there was no consideration for the note in suit and that it was invalid for that reason.

She also maintains, however, that the second note is unenforcible against her because the plaintiff retained possession of the first note until the trial of the instant case. It is, of course, well settled that if, at the time the second note was given, there was an express, definite agreement that the first note would be surrendered or destroyed by the plaintiff, then such agreement became part of the consideration for the transaction, and a failure to give up or destroy the first note would invalidate the second note. In the present case there is, however, no evidence of any such express agreement. Mere retention by the plaintiff of the first note ordinarily will not preclude recovery on the second note. In *Cardoza* v. *Pereira, supra,* this court at page 462 said: "The fact that the original note is in the possession of the plaintiff does not preclude recovery on the note in suit as plaintiff can recover only on the note on which she sues."

In *Abrams* v. *American Security & Trust Co.,* 111 Fed. 2d 520, an action on renewal notes, the defense of no consideration was set up because the plaintiff had retained the old notes. It appeared, however, that they were brought into court at the trial. In refusing to sustain such defense, the court held that there was no possibility of another suit with

a double recovery, and at page 521 of its opinion uses this language: "But the rule does not apply where the old note is tendered to defendant in advance of trial or is brought into court and surrendered. Undoubtedly, this exception rests on the idea that the real consideration for the renewal note is the preexisting debt and that the surrender of the old paper is a condition which can be complied with after the suit is commenced without prejudice to any rights of the defendant."

The defendant argues that the above rules apply only to renewal notes, and that, in the case at bar, the second note is not a renewal note of the first note because the makers are different. While undoubtedly the great majority of cases where this question of surrender is raised involve actual renewal notes, in our opinion, the above rules of law apply, in the proper case, when the new note is not strictly a renewal note. See *Cardoza* v. *Pereira, supra.*

In the instant case the first note is now in the custody of the court as an exhibit. Moreover, there is no evidence that rights of third parties have intervened or that the plaintiff's failure to produce the first note earlier has caused damage to the defendant. It is clear that the plaintiff can recover on only one of the notes. We conclude, therefore, that, under all the circumstances appearing herein, the mere fact that the plaintiff retained possession of the first note after the second note was executed and delivered did not render the last-named note invalid, and does not prevent the plaintiff from enforcing it against the defendant as administratrix of the estate of Dr. Raia, who was an indorser thereon.

The defendant also contends that under the evidence herein the plaintiff, as payee of the note in suit, cannot recover from her as administratrix of the estate of Dr. Raia, an indorser thereon. She points out that G. L. 1938, chap. 455, § 70, formerly G. L. 1923, chap. 227, sec. 70, reads as follows: "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the

following rules: 1. If the instrument is payable to the order of a third person he is liable to the payee and to all subsequent parties. . . ."

The defendant argues that Dr. Raia did not place his signature "in blank" on the back of the note so as to be liable to the payee. We are of the opinion, however, that the express provisions of his indorsement made him liable to the payee. By the terms of that indorsement, which was typewritten on the note before he signed as indorser, he not only waived presentment and demand for payment, protest, notice of protest and dishonor, but he also agreed "that in case of non-payment of the principal or interest suit may be brought by the holder of this note against any one or all of us at the option of said holder, whether such suit has been commenced against the maker or not." Further, in *Nourie* v. *Peckham*, 51 R. I. 474, the action was by the payee of a note against the indorser thereon alone, and was upheld. We find, therefore, that under all the facts and circumstances appearing in evidence, the plaintiff was entitled to proceed directly against the defendant as administratrix of the estate of Dr. Raia, and that her above contention is without merit.

In view of our conclusions, which are determinative of the case, that the plaintiff can properly proceed as aforesaid; that the note in suit was supported by sufficient consideration; that the mere retention by the plaintiff of the first note did not invalidate the second note; and that the latter note is enforcible by the plaintiff against the defendant, we deem it unnecessary to discuss other questions raised by the briefs of the parties. We find no error in the decision of the trial justice.

However, by analogy with the conclusion reached in *Cardoza* v. *Pereira, supra,* the present defendant is entitled to protection from double payment and, therefore, upon her satisfaction of the judgment herein the plaintiff shall surrender to her the first note.

The defendant's exception is overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the decision.

*Hickley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Edward M. Watson,* for plaintiff.

*Philip S. Knauer, Luigi De Pasquale,* for defendant.