O'NEILL *v.* FREDERICK TRADING COMPANY

[No. 38, September Term, 1960.]

302

*Decided October 20, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*A. Frederick Taylor,* with whom were *Paul Martin* and *Martin & Taylor* on the brief, for the appellant.

*Stanford Hoff,* with whom were *Sponseller & Hoff* on the brief, for the appellee.

PER CURIAM.

Mrs. O'Neill appeals from a judgment in favor of a materialman, Frederick Trading Co., (Frederick) for the cost of kitchen cabinets ordered by her contractor and installed by him in the home he was building for her.

The contractor agreed to furnish all the materials and labor needed for the erection of a prefabricated home costing some $30,000. Mrs. O'Neill's stove, refrigerator, washing machine

and dryer would not fit into the kitchen as it was designed, and this necessitated the replacement of some seven kitchen cabinets called for by the specifications of the house by fifteen cabinets of different shapes and sizes. At Mrs. O'Neill's request, the contractor ordered these from Frederick, who procured them on a special order from the manufacturer.

The contractor became financially embarrassed and various materialmen, including Frederick, made demand on Mrs. O'Neill for the cost of the material they had furnished, either filing liens or threatening to file liens. There was testimony that the lawyer for Frederick personally served on Mrs. O'Neill a notice of intention to file a lien and that, in the course of a two-hour conversation with her, she said that the house was going to cost some thousands of dollars more than she anticipated but that not only would she pay Frederick but all the other creditors, and that the mechanics' lien need not be filed. Frederick's lawyer testified that as a result of her assurance, the lien was not filed. The witness said further that she had called him twice later to repeat this assurance. She requested that a representative of Frederick make an inspection of the house to determine whether or not the items claimed had been installed. A representative did make this inspection, found that one cabinet billed was not installed and agreed to deduct its cost. The court, trying the case without a jury, found from the testimony of the witness who made the inspection that Mrs. O'Neill indicated that she was going to pay the account as corrected. Mrs. O'Neill's lawyer at the time (not her lawyer on appeal) said from the stand that he had told the lawyer for Frederick that it would not be necessary to file the mechanics' lien because when it was ascertained what items on the bill were actually in the house, the bill would be paid. The contractor testified that at a meeting with Mrs. O'Neill and her lawyer, he had been presented with four papers which he took to be mechanics' liens, one for each of four materialmen, including Frederick, and asked if it was all right with him if Mrs. O'Neill paid for those items on the lists direct. To indicate his agreement, he signed each document: "Payment authorized by Mary T. O'Neill," and signed his name as president of the contracting corporation.

He said that at the meeting Mrs. O'Neill agreed that she would pay for those items.

It seems to have been long settled in Maryland that forbearance to institute legal proceedings, including the filing of a mechanics' lien, is good consideration for a promise by a third party to pay the debt of another. *Hieston v. National City Bank of Chicago*, 132 Md. 389, 395; *Bowen v. Tipton*, 64 Md. 275; *Emerick v. Coakley*, 35 Md. 188, 190. See also *Wolf v. Maryland Trust Company*, 179 Md. 577, 580; *Kolker v. Gorn*, 202 Md. 322, 331, 332; *Strohecker v. Schumacher*, 185 Md. 144, 151; 1 *Corbin, Contracts*, Secs. 127 and 132, pp. 393 and 411; 17 Md. L. Rev. 248. In *DiPaula v. Green*, 116 Md. 491, 496, a promise to forbear filing a mechanics' lien for materials in Baltimore City—in which there was no right to a lien for materials—was held not to be consideration because there was no legal right to the lien. The Court said: "If the property of the defendant had been liable to a mechanic's lien for the materials furnished the promise would have been supported by sufficient consideration, and would also have fallen within the well recognized exceptions to the operation of the 4th section, 29th Charles II." Further, as to the inapplicability of this section of the Statute of Frauds in this situation, see *De Waters v. Mergler*, 183 Md. 574.

Mrs. O'Neill seeks to escape the effect of her agreements by saying that she promised to pay only what she owed, which she construes to have meant only extras over and above what the contractor had agreed to supply and pay for. There are several possible answers to this contention: first, Mrs. O'Neill herself testified that her original agreement had been to pay for all materials not paid for by the contractor and that she had subsequently changed her mind, limiting her intention to pay only as she contended; and second, that she had been given credit by the contractor for the cost of the original cabinets and all of the fifteen cabinets furnished by Frederick therefore were extras for which she had agreed, even under her present contention, to become liable. It is not necessary to consider these possible answers because the trial court found against Mrs. O'Neill on the facts, believing the witnesses who said that she had agreed to pay in full for all ma-

terials furnished by Frederick if the lien were not filed. The evidence we have recited makes it clear that it could not be said that this finding of the trial court was clearly in error, so the finding must be affirmed.

*Judgment affirmed, with costs.*