**KIDWELL & KIDWELL, INC., Appellant,**

**v.**

**W. T. GALLIHER & BRO., INC. and Harry Sullivan, Appellees.**

**No. 5731.**

District of Columbia Court of Appeals.

Argued July 13, 1971.

Decided Oct. 20, 1971.

John C. LaPrade, Washington, D. C., for appellant.

John W. Lyon, Washington, D. C., with whom John D. Lane, Washington, D. C., was on the brief, for appellee W. T. Galliher & Bro., Inc.

Louis P. Robbins, Washington, D. C., for appellee Harry Sullivan.

Before KELLY, PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

This appeal challenges a judgment entered for the appellees in an action for breach of contract. Appellant was a subcontractor for certain plastering and related work at premises 317 — 10th Street, S. E. The premises was owned by appellee Harry Sullivan, with whom Town and Country, Inc., was the general contractor for the construction of a dwelling. Appellee W. T. Galliher & Bro., Inc., (hereinafter referred to as "Galliher & Bro."), supplied building materials for purposes of the improvement.

The action below was commenced with a complaint alleging that appellees, by their several promises to protect appellant's interest in the construction funds, induced appellant to give up and forego its right to file a mechanic's lien against the property.[1] Answering the complaint, appellees denied that they had made any such promise and denied also the liability alleged.

Trial was without a jury and at the close of all the evidence, the court, after finding that appellant had performed the work as alleged and that no question had been raised as to the quality of the work, entered judgment for each appellee, ruling that the communications between appellant and appellees did not give rise to a contract because there was no meeting of the minds and no consideration.

As a general rule, the findings of the court in a case tried without a jury may not be disturbed on appeal unless clearly erroneous. Drazin v. Jack Pry, Inc., D.C.Mun.App., 154 A.2d 553 (1959). Under the rule, a finding is clearly erroneous when although there may be some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Voight & McMakin Air Con., Inc. v. Property Redev. Corp., D.C.App., 276 A.2d 239, 241 (1971); Spargnapani v. Wright, D.C.Mun.App., 110 A.2d 82 (1954). So it is here and we reverse.

The record discloses no substantial dispute as to the facts. Appellant entered into the subcontract for the plastering and related work on December 13, 1967. Having completed the work, appellant, on February 9, 1968, forwarded by certified mail to each appellee a letter, identical in form and context, which, with the acknowledgment made on the face thereof, reads:

> Re: 317 10th Street, S.E.
> Washington, D.C.
>
> Gentlemen:
>
> This letter is to officially inform you that on the above referenced job we have a balance due on our plaster subcontract with Town & Country Builders, of $925.00. I have, personally, spoken with Mr. Sharkey[2] in reference to this

---

1. Under D.C.Code 1967, §§ 38–101—38–103, any mechanic's lien asserted by a subcontractor must be filed during the construction of the improvement or within three months after its completion.

2. Mr. Sharkey was evidently the authorized representative of Town and Country, Inc.

amount due and he has informed me that if I do not file a lien immediately for the balance, he will try and remit same by Friday, February 16, 1968.

Should he fail to remit this balance, we hereby notify you that we will file a Mechanic's Lien against this property. I would appreciate personally, if you would acknowledge below that you will not endorse any check representing final disbursement of construction funds for this job without seeing that the balance due us of $925.00 is paid or protected. * * *

   *     *     *     *     *     *

I hereby agree not to endorse final disbursement of the construction funds for this job without protecting the $925.00 due to Kidwell & Kidwell, Inc. for the plastering subcontract work which has been completed.

The acknowledgment made on the letter addressed to appellee Galliher & Bro. was signed "Claude R. Smith, Authorized Agent," and that made on the letter addressed to appellee Sullivan was signed "Harry R. Sullivan, Owner."

A similar letter was sent to Perpetual Building Association from which appellee Sullivan borrowed the construction money, but it does not appear that the requested acknowledgment was ever made.

Sometime thereafter the general contractor abandoned the construction of the dwelling and appellee Sullivan took over as his own general contractor and finally completed the improvement on June 26, 1968.

According to the Statement of Proceedings and Evidence, subsequent to the acknowledgments made by appellees on appellant's letters of February 9, 1968, each appellee endorsed at least one check drawn on the construction funds. In this connection the testimony of Claude R. Smith, who signed the acknowledgment on behalf of Galliher & Bro., was that the check for the final draw of more than $1,000 was endorsed by mistake while he was on vacation and that, had he not been on vacation, he would have held the money for appellant.

The testimony of appellee Sullivan was that he endorsed checks drawn on the construction funds at Perpetual, one to Town and Country, Inc., in the sum of $316 for the removal of a tree, and other checks to himself as general contractor since "it was required that he complete the building as the general contractor subsequent to February 9, 1968."

Having recited the facts upon which the trial court based its findings, the contentions of the parties are brought into proper perspective so that we are now in position to consider and dispose of the assignments of error.

■ The substance of appellant's contentions is that the trial court erred in holding that appellees, by their acknowledgments on the letters of February 9, 1968, made no binding agreement to protect appellant's interest in the balance of the construction funds.

At the outset we notice a fact, apparent in the record, that when appellees made such acknowledgments, appellee Sullivan and Claude R. Smith and Charles E. Galliher, officers of Galliher & Bro., had a very real and vital concern that no mechanic's lien be filed against the property.[3] They must have known, as indicated in appellant's letter, that Town and Country, Inc., the general contractor, was at that time in default and was unlikely to complete the improvement by February 25, 1968, the completion date. Under the cir-

---

3. By the provisions of a bond executed August 25, 1967, appellee Sullivan, as principal, and Claude R. Smith and Charles E. Galliher (officers of appellee Galliher & Bro.), as sureties, were bound to Perpetual Building Association in the sum of $31,000, conditioned upon the completion of the improvements at 317–10th Street, S.E., within six months thereafter, free from any claim or lien.

cumstances, the conclusion seems compelled that appellees, by their acknowledgments made on the letters of February 9, 1968, intended to obtain the very advantage which flowed from appellant's forbearance to file a mechanic's lien.

Appellees, while apparently conceding that appellant was disadvantaged by its forbearance, insist nevertheless that no such forbearance was at any time requested or bargained for. It is, however, undisputed that each appellee acknowledged to appellant that:

> I hereby agree not to endorse final disbursement of the construction funds for this job without protecting the $925.00 due * * * for the plastering and subcontract work which has been completed.

These acknowledgments, when read in the context of appellant's letters of February 9, 1968, disclose, in the opinion of this court, the very essence of the bargaining process, even though not conducted in the niceties of legal terminology. Clearly what appellant represented to appellees was that, unless appellees agreed to protect appellant's interest in the construction funds, appellant would file a mechanic's lien against the property. By their respective acknowledgments, the sense of what appellees represented to appellant was that if appellant refrained from filing a mechanic's lien, appellees would not approve final disbursement of the construction funds unless appellant's interest was protected. We hold, therefore, that there was a meeting of the minds of appellant and appellees in the matter of appellant's forbearance to file a mechanic's lien.

■ Only a short step is now required to reach the conclusion that, contrary to the findings of the trial court, consideration moved between appellant and appellees. Of course, neither money nor benefit moving to a promisor is essential to a contract, for consideration may consist of a detriment to the promisee. *See* Clay v. Chesapeake & Potomac Telephone Co., 87 U.S. App.D.C. 284, 184 F.2d 995 (1950). Here, however, there was both benefit and detriment. Appellee Sullivan, as principal, and Claude R. Smith and Charles E. Galliher, officers of appellee Galliher & Bro., as sureties, threatened with the possibility of financial loss by reason of the delay on completion of the improvement free of liens, stood to be advantaged, as did appellee Galliher & Bro., by appellant's forbearance. Appellant on the other hand stood to be disadvantaged unless (1) it filed a mechanic's lien or (2) obtained from appellees, who were required to endorse disbursement of the construction funds, an agreement to protect its interest. *See and compare* Mathews v. Libbey Bros., 42 App.D.C. 272 (1914), and O'Neill v. Frederick Trading Co., 223 Md. 301, 164 A.2d 537 (1960), which stand for the proposition that forbearance from filing a lien is sufficient consideration to support an agreement to pay for labor and materials.

We hold, therefore, that the effect of appellees' breach of the agreement, which we have culled from the letters of February 9, 1968, and the acknowledgments made thereon, was to impose upon both appellees liability for the loss flowing from appellant's forbearance to file a mechanic's lien. .

Appellee Sullivan urges that even if appellant had filed a mechanic's lien, as it had the right to do, the lien could not have been enforced since he made no further payment of construction funds to the general contractor. But it is undisputed that, contrary to his agreement, he did endorse final disbursement of the construction funds without protecting the amount due appellant. Appellee Sullivan urges finally that, under appellant's construction of the agreement, he would be required to pay twice for the same work but there is no showing in the record that he had paid even once.

Reversed and remanded with direction to enter judgment for appellant in accordance with its demand.

YEAGLEY, Associate Judge (concurring).

I cannot agree with the holding in the majority opinion that appellant's identical letters of February 9th to each appellee and the acknowledgments made thereon by appellees constituted written contracts. However, I concur in the result for reasons stated herein.

The promises of each appellee in the acknowledgment, to protect the money due appellant, are clearly unilateral and unsupported by any consideration in appellant's letter. The appellant neither offered nor promised not to file a mechanic's lien but quite to the contrary, without qualification, advised appellees in the letters that if the prime contractor does not pay "we will file a Mechanic's Lien against this property."

Since these writings between the parties do not reflect any benefit flowing to the promisor or any detriment to the promisee I must disagree with the majority's view of this case as summarized in the following portion of the opinion:

> We hold, therefore, that the effect of appellees' breach of the agreement, which we have culled from the letters of February 9, 1968, and the acknowledgments made thereon, was to impose upon both appellees liability for the loss flowing from appellant's forbearance to file a mechanic's lien.

However, even though appellant made no offer or promise to forbear filing a lien, the totality of the facts and circumstances indicate quite clearly that the appellees unilaterally promised to protect the appellant in order to induce it not to file a mechanic's lien. When the appellant responded by letting the lien period expire its act of forbearance became complete thereby providing sufficient consideration to support appellees' promises to protect appellant. The interest of the appellees in not having a lien filed against the property is well expressed in the majority opinion. *See* note 3, *supra*.

It is generally recognized that "[f]orbearance for a reasonable time if requested is a sufficient consideration even though no promise of forbearance is made, a unilateral contract being as good as a bilateral." Pullman Co. v. Ray, 201 Md. 268, 94 A.2d 266 (1953) citing I Williston, Contracts § 136 (Rev.ed.1936). Otherwise expressed, " * * * it is enough if it is to be inferred from the circumstances that there was an implied request for forbearance for a time, and that such forbearance was in fact extended in compliance with the request." McDonald Brothers Co. v. Koltes, 155 Minn. 24, 27, 192 N.W. 109, 110 (1923). Quoted with approval in Phenix Nat. Bank of Providence v. Raia, 68 R.I. 348, 28 A.2d 20, 23 (1942).

In Combe v. Combe, [1951] 2 K.B. 215 (1950), the court while failing to find evidence of a request for forbearance, recognized the proposition that unilateral promises have long been enforced so long as the act or forbearance is done on the faith of the promise and at the request of the promisor, express or implied. *Also see* Baehr v. Penn-O-Tex Oil Corp., 258 Minn. 533, 104 N.W.2d 661(1960), Pullman Co. v. Ray, *supra*, and Snyder v. Cearfoss, 187 Md. 635, 51 A.2d 264 (1947).

Thus, while I am unable to agree with the majority opinion that the appellant's letters to appellees and their respective acknowledgments thereon constituted a binding obligation, I concur in the result since appellant's subsequent forbearance provided the necessary consideration to support the unilateral promises of appellees.